## No. 9805.

### WIDOW PATRICK DWYER vs. JAMES J. WOULFE ET ALS.

Want of consideration and knowledge of circumstances of relief, under which a note was issued and a mortgage consented to secure its judgment, may be pleaded against a third party, but cannot exonerate the drawer and mortgager, unless fully established against such party whose presumed innocence is always implied.

Representations of indebtedness and of ownership by one and acted upon by another, in good faith, conclude the former and protect the latter.

APPEAL from the Civil District Court for the parish of Orleans. *Rightor*, J.

*Posey & Ker* for Plaintiff and Appellee.

*Sam. L. Gilmore* for Defendants and Appellants.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. This suit was originally brought against the present named defendant and as co-defendant against the succession of W. J. Castell and the surety of the latter as a notary public in this city.

The substantial allegations were that the plaintiff is the holder of a certain note for $5000 of Woulfe, to his own order and by him endorsed, secured by mortgage on real estate, described in the act which was executed before Castell, as notary; that said act was not seasonably recorded in the mortgage office; that shortly after the execution of this act, Woulfe issued another note of $1500, which was secured on the same property, and that this act was recorded; that it was only some time afterwards that the plaintiff had her act recorded in the mortgage office; that for whatever damage may result to her from the non-registry of said act of mortgage, she is entitled to indemnity by Woulfe, Castell and his surety.

Exceptions were filed by Woulfe and the succession of Castell and the surety, which were sustained in part, dismissing the action, except as against Woulfe, and reserving plaintiff's rights on the notes against the defendant, Woulfe.

The defendant then answered, pleading non-liability not only for want of consideration, but also because the property mortgaged did not belong to him; that the note issued by him was executed for Castell's benefit, and that plaintiff *knew* of those material facts.

From a judgment in favor of plaintiff, defendant appeals.

As no appeal was taken by plaintiff from the judgment on exceptions, which dismissed the suit as against Castell's succession and the surety, the only controversy before us presently involves the liability of the defendant to plaintiff on the $5000 note issued by him and secured by mortgage, as already stated.

The record contains notes of objections from both parties, designed to serve as bills of exceptions taken to rulings touching evidence admitted or rejected. There was no mention made of them here, either in the oral or in the printed argument. As they appear to have no force, it must be presumed that the parties against whom they were made have abandoned them.

The plaintiff has introduced in evidence the note sued on and the act of mortgage by which it is secured, and also certificates of registry in the mortgage office.

Interrogatories on facts and articles having been propounded to the plaintiff, she answered, and her answers were filed in evidence. She, herself, was sworn as a general witness in her own behalf. She testified in chief and was cross-examined.

The defendant did not testify.

A witness was heard for plaintiff to show how it happens that the act of mortgage was recorded by plaintiff after Castell's death, namely, that plaintiff having ascertained then only that it had not been registered at the time it ought to have been, had it recorded.

The only defenses set up by Woulfe are, 1st, want of consideration; 2d, knowledge in plaintiff that the property mortgaged belonged to Castell, and that the note issued by him was uttered for Castell's benefit.

To prove want of consideration, the burden being on him, as the note is *for value received*, and as the act of mortgage confesses a loan, the defendant relies on the evidence of the plaintiff, which is to the effect that she never gave *him* any money.

If this statement was to stand alone, the defendant would have

made some showing; but the plaintiff did not stop there. She gave the history of the whole matter in a way which explains the discrepancy between her counsels' averment in the petition and her testimony on the stand.

She, substantially, says that she had given $5000 to Castell to be invested by him for her; that he gave her his note therefor, accompanying it with several small mortgage notes; that some while after, he suggested to her that it would be preferable for her to have, instead of these small notes, a large mortgage note; that he offered the note of Woulfe secured on his (Castell's) residence, which was amply worth the amount; that this note was issued and the mortgage was executed, and that Castell gave her his note and Woulfe's mortgage note pinned together.

She says she does not know what Castell did with the money, or what passed between him and the defendant; that all she knows is that Castell got her money, gave her his note and Woulfe's note pinned together in place of it.

It may be that Castell invested her money in Woulfe's note and secured its payment by giving his note in pledge; or it may be that he invested the money in his own note and gave Woulfe's note as collateral security.

Castell is dead, and there is no evidence on the subject, save that of plaintiff, defendant, Woulfe, not having testified.

In the first case she became the owner of Woulfe's note; in the second she acquired Castell's note.

It is true that being asked, whether Castell had given the mortgage note to her in *pledge*, she announced in the negative.

This proves nothing to relieve defendant; she could have sued, either as owner or as pledgee of the note, as she wished; and it was a matter of the utmost indifference to the defendant in what capacity he was sued by her. He owed his note, whether the plaintiff had a title to it one way or the other.

The facts speak louder than plaintiff's words, particularly when it is not shown that she *knew* the meaning of the technical term *pledge*.

It was an unnecessary—nay idle work—to aver in the petition that the plaintiff had loaned any money to the defendant. It would have been sufficient to allege possession of the note and the granting of the mortgage without setting forth ownership. 3 A. 268.

This averment was controlled by the act of mortgage, copy of which was annexed to the petition as part, which showed that the defendant had issued the note for *value received* and had given a mortgage in favor

of another party, named in the act, on property of which he claimed to be the owner.

As to the defense that plaintiff knew that the property mortgaged was Castell's and that the note sued on had been issued for his benefit, it should suffice to say that such knowledge has not been shown.

The plaintiff testifies to the reverse and states that Castell several times told her he had no property.

It is true that the defendant attempted to introduce a counter letter given by him to Castell, but that document could not be received, as it had not been recorded previous to the date of the mortgage in question and was therefore in no way binding on third parties, plaintiff being viewed in that light.

The circumstance that Castell told the plaintiff that Woulfe's note would be secured on his (Castell's) residence cannot be construed so as to infer from it that Castell thereby declared that the property belonged to him and not to Woulfe.

Numerous indeed are the parties who occupy as their residences, the property of other persons.

At that rate, how lucky would tenants be, who could by one word transform themselves into landlords.

If the facts were as defendant represents them to have been, it was his privilege and interest to have had himself heard in his own behalf, as a witness, but he has selected not to do so.

From this version, the court cannot do less than infer that he kept silent either because he could not by himself establish his own defence, or that, if heard, he would testify adversely to himself.

The fact is that in the act of mortgage he has acknowledged an indebtedness for the amount of the note and has consented a mortgage to secure its payment on real estate which he held out to the world not only by his act of purchase, but in the act of mortgage, as belonging to him.

After admitting such indebtedness represented by the note issued for *value received* and after claiming ownership and exercising rights inherent thereto, and thus inducing an innocent third party to act on such representations, he cannot be permitted now to deny the truth of them or charge their falsity, so as to affect rights which may have been acquired by such third party acting on them.

The defendant finally contends that, if plaintiff did not have *actual* she had *constructive* knowledge of the *double* fact that the property

belonged to Castell and that the note had been issued for his conven-
ience.

To establish that circumstance, he urges that all that which the
agent has notice of, must be imputed to the principal.

The rule, however well founded it be, can be enforced in such cases
*only* in which the law allows it to be applied and is not without excep-
tions, which it is unnecessary to enumerate.

It is more than enough to say, that it has no bearing whatever in the
instant controversy which is removed from its operation for the daz-
zling reason that there is not the remotest shadow of proof, that the
property in question was Castell's property and that the note was
issued for his accommodation.

The plaintiff says she did not know it, the defendant has not testi-
fied and the act of mortgage shows that the property mortgaged was
acquired by defendant from Castell.

How can it be pretended that an agent knew of a certain fact and
that this knowledge binds his principal, where it is not proved that the
fact existed, or what is worse, where it is established by evidence con-
cluding the party making the defence, that the fact did not exist.

We, therefore, conclude that the District Court has correctly deter-
mined the issue.

Judgment affirmed.