Irving vs. Edrington.

## No. 1,208.

GEORGE S. IRVING VS. W. H. EDRINGTON.—MCCUTCHEN & CO., IN- 41 671
TERVENORS.—S. BROWN & CO., INTERVENORS. 50 1080

Where an affidavit in an attachment was made before a Commissioner for the State of Louisiana, it is sufficient. He is authorized to administer oaths in verification of any writing to be used in the courts of this State.

Where the petition is sworn to, and the allegations in the petition authorize an attachment, it is sufficient.

A deputy sheriff who is a minor is a *de facto* officer, and a service made by him is not illegal.

Where a party executed notes as collateral security for advances to be made, and a suit is instituted for the balance due on said notes, it is incumbent upon the defendant to show a want of consideration. ?

When monthly statements have been rendered the party and he has made no objection and has not asked for the correction of errors, he can not afterwards object to stated accounts being offered in evidence which summarize the items previously furnished him in the monthly statements.

Where the contract has been made with one party to furnish supplies, and he does so, the defendant can not object to statements offered in evidence, containing items of supplies so furnished because they were obtained from other parties.

APPEAL from the Eighth District Court, Parish of Madison.
*Montgomery*, J.

*Wade R. Young* for Plaintiff and Appellant.

*Stone & Murphy* for Defendant and Appellee :

1. Where plaintiff sues in his own name for balance claimed on account for advances alleged to have been made by him to defendant, and where, in answer to a rule taken on motion of defendant, to compel him to file a specific bill of particulars and an itemized account, plaintiff files an account between defendant and a commercial firm of which plaintiff was a member, and between defendant and a corporation in which plaintiff is a stock holder, showing balance in favor of the corporation, and where there is no allegation of transfer or assignment, either by the firm or by the corporation to plaintiff, plaintiff cannot recover. R. C. C. 432, 446 ; C. P. 119.

2. The objections urged to these accounts on trial of the case for want of relevancy, as going to show *res inter alios acta*, and on the ground that they were inadmissible under the pleadings, were properly sustained.

3. The attempt of plaintiff near the close of the trial, and after the court had ruled out and refused to receive evidence on the accounts " C " and " D," to change his position by offering account " E," which differs from said accounts " C " and " D," only in that it purports to be between defendant and plaintiff alone, was unauthorized. The objections to this account, " that it does not correspond with the account produced and filed by plaintiff to order of court herein, as evidencing indebtedness of defendant sued upon, and is not between the same parties, and contradicts the account sued on, and is an attempt to do indirectly that which the law prohibits from being done directly, and is an attempt to disprove plaintiff's own allegations," were well taken and the account was properly rejected.

4. Accounts made up of such items as " cash," " mdse acct," " bl. payable," " purchases,"

"int." without items or details, are too vague, general, indefinite and uncertain to admit of proof, particularly where such accounts are filed by plaintiff in answer to a rule granted on judgment of court ordering him to file a "specific bill of particulars and an itemized account, showing each and all the items, dates and amounts of debit and credit between plaintiff and defendant, which are claimed by plaintiff to have resulted in the balance claimed in this cause," and where defendant objected and reserved his bill to the ruling of the court, declaring said accounts a sufficient answer to the merits. The objection to said account on trial, on the ground that the items charged were, each of them, too general, vague, inexplicit and indefinite to admit of proof, was properly sustained. 9 Ann. 499; 2 Ann. 395; 4 Ann. 381; 7 Ann. 535; 13 Ann. 233.

*A. L. Slack* for Intervenors and Appellees.

The opinion of the Court was delivered by

McENERY, J.   The plaintiff alleges that he entered into a contract with the defendant Edrington, on the 15th of February, 1887, for the purpose of obtaining supplies, money, etc., to cultivate the Australia plantation in Madison parish, and that said Edrington executed a written agreement with the usual stipulations for liens and privileges, in favor of plaintiff, and as collateral security, executed five promissory notes in Vicksburg, and payable in said city, for $1000 each, with interest from maturity, and maturing at different dates from 1st day of October, 1887, to the 15th of January, 1888.   He alleges that he had complied with his agreement, furnished the necessary supplies and money, and that the defendant failed to ship cotton to him as he had contracted to do, and that there is a balance due him of $3762 77, with ten per cent interest from March 15, 1887, for which he asks judgment with recognition of privilege on property attached in the suit, a mortgage on the mules, farming implements, etc.   Edrington, the defendant, was a non-resident, and an attachment issued against his property.   The oath for the order was made by plaintiff before a Commissioner for the State of Louisiana, the service of citation was made by a minor, and posted at the court house door.

The allegation in the petition of defendant's non-residence was sufficient grounds for an attachment.   A Commissioner for the State of Louisiana, residing in another State, is an officer of the State, commissioned by the Governor and specially authorized to administer oaths.

The court house is a two-story building with four public entrances. The returns on the writs show that they were posted at the court house door, and, as it is not contradicted, it is presumed it was posted at the usual place where such notices are posted by the sheriff.

The service of citation and papers in a suit by a minor, who is a deputy sheriff, will not vitiate the service, as he is a *de facto* officer. The motion to dissolve the attachment was .properly overruled.

The defendant, before answering, filed a motion and obtained an order requiring plaintiff to produce and file in court a specified bill of particulars, itemized accounts, showing dates, debits and credits, between plaintiff and defendant. There were several motions to this effect, and numerous objections to testimony, all of which grew out of the fact that the suit of plaintiff was treated as a suit on an open account.

The suit is based on the promissory notes executed by defendant, as collateral security for the supplies and money to be advanced.

The plaintiff had the undoubted right to sue on the notes and to treat them as the pledgee could do, and sue directly on them and to obtain judgment for the balance due, unless the defendant showed.a want of consideration, on the part of the plaintiff's failure to comply with his obligation, in furnishing the necessary supplies and money, and advances as stipulated and agreed upon in his contract. 40 Ann. 631, 667.

And this view taken of the suit has caused some confusion in the. introduction of several accounts of Geo. S. Irving, Irving & Co., and the Geo. F. Irving Co., and it has occasioned the presentation of a.vigorous, able and plausible argument on the part of defendant's counsel.

The contract was made by the defendant with Geo. F. Irving. He had no contractual relations with Geo. F. Irving & Co., or the Geo. F. Irving Co. Geo. F. Irving may have been a member of, and undoubtedly was the controlling member of the company and the corporation, but they were distinct personalities. They were strangers to the suit, had no interest in it, and if Geo. F. Irving obtained from them the .goods, advances and other things furnished to the defendant, their accounts of them, whether delivered directly to Geo. F. Irving, to be delivered to defendant, or to the defendant directly, were certainly admissible as evidence to show that they had been furnished to the defendant by plaintiff in accordance with his . contract, and as a consideration for the notes sued on. They were, when proved, mere vouchers for the amounts furnished by plaintiff to defendant.

Between the plaintiff and the defendant the sole question then is : has he· complied with his contract and furnished the plaintiff the articles embraced therein ? The articles furnished are necessary plantation sup-·plies. This is proved by several witnesses.

John A. Klein, the bookkeeper of Geo. S. Irving, swears positively that he had been in the employment of plaintiff eight years, and that he had furnished the defendant monthly statements, which were put' in·

defendant's mail box at Reynold's drugstore, in Vicksburg, and that defendant had received them is shown by his statement to the bookkeeper that he did not understand some things in the accounts. He promised to explain them to defendant, but he never called and requested an explanation.

Geo. S. Irving, the plaintiff, in his testimony, states that accounts were rendered the defendant monthly, and that he never made any complaints as to their correctness.

Two accounts, marked "C" and "D," were offered in evidence by plaintiff and objected to by defendant on the ground that each one of them was too vague, inexplicit and indefinite to admit of proof, and that the evidence sought to be adduced is irrelevant, an attempt to prove *res inter alios acta* and inadmissible under the pleadings. The first objection was sustained.

The view we have taken of the case disposes of the second objection. The defendant had been furnished with monthly statements, and the accounts offered in evidence in some of the items charged, summarize the items previously furnished the defendant.

On plaintiff's motion, a number of accounts which had been rendered by plaintiff to defendant, and which were in his possession, were produced and filed with defendant's answer to the rule. These bills all contain itemized statements of cash advanced and items of "purchases," "merchandise," which had been rendered by specific items on monthly statements.

The witness Klein states that these accounts correspond with the accounts rendered defendant, as they were taken from the same books and vouchers, the only difference being that in the ledger the names of the parties upon whom drafts were given are not put down, but in the two accounts the amounts are the same.

The defendant offered no evidence in rebuttal of plaintiff's testimony. The suit was based upon the notes executed by defendant, and it was incumbent upon him to prove a want of consideration. This he has failed to do.

S. Brown & Co. intervened in the suit. They entered into an agreement with the defendant to advance and supply the tenants on defendant's plantation, and the defendant waived and renounced in favor of Brown & Co., the lessor's privilege on the crops to be produced on said plantation. This contract was recorded in the parish of Madison.

On an agreement to make additional advances, the leases and contracts for rents were transferred to Brown & Co.

They advanced to the tenants $10,954 37, and made further advances

while the plantation was under seizure. The advances after the seizure were made under arrangements with plaintiff and defendant. and the contract of the intervenors was thus ratified and approved by the plaintiff. There was no seizure under the attachment of the growing crops, and therefore the intervenors' privilege as owner of the rent notes was unaffected thereby.

We have carefully examined the testimony offered by the intervenors, and conclude that they have fully proved their claim. There are objections by plaintiff that the items furnished are not plantation supplies necessary to the raising of a crop. But the same objection can, with equal propriety, be urged against the accounts of the plaintiff.

There was error in the judgment of non-suit against the plaintiff.

It is, therefore, ordered that the judgment appealed from be amended, so as to avoid and set aside the judgment of non-suit rendered against the plaintiff, and it is now ordered that there be judgment in his favor against the defendant, Wm. H. Edrington, for the sum of $3762 77, with interest at the rate of ten per cent, from March 16, 1888, and that the attachment be reinstated, and plaintiff's privilege resulting therefrom be recognized and enforced and rendered executory on all the property seized under said attachment, except that subject to the lien and privilege of the intervenors, Brown & Co., and that plaintiff's privilege, as a furnisher of supplies, be also recognized and enforced on all the crops raised on the Australia plantation, except those covered by the judgment rendered in the court below in favor of the intervenors, Brown & Co. In other respects the judgment appealed form is affirmed, the defendant to pay costs of appeal.

## On Application for Rehearing.

The reason assigned for an application for a rehearing, is that we erred in holding this suit to be founded on the promissory notes evidencing the contract for supplies to be furnished defendant by the plaintiff. Admitting this to be true, the fact remains that the suit is on the contract between Geo. S. Irving and W. H. Edrington, of which the notes form a part.

There were five notes described in the petition, but the contract and eight notes, forming a part of it, were introduced in evidence without objection.

By the contract entered into between the plaintiff and defendant, Edrington was to be furnished supplies to a certain amount, and he was to ship cotton to the plaintiff to pay for the same. He is responsible for whatever balance may remain due for the advances made to him by

the plaintiff.  The contract and the supplies furnished thereunder are to be regarded wholly as between Irving and Edrington.  Edrington has received advances under the contract, and is liable for whatever balance is due.  As stated in the opinion, it matters not that Geo. S. Irving caused the supplies to be furnished through the Irving Co., or Irving & Co.

The defendant had nothing to do with the firm or the corporation. The advances were under the contract by Irving, and any balance is due to him.  The accounts and statements rendered Edrington were made in the name of Geo. S. Irving.  When Irving was called upon to furnish items and specifications he furnished them from the books of the Irving Co., and Irving & Co., where they had been kept.  If these accounts contained the information required by defendant, that was all that the defendant had the right to demand.  The judge erred in ruling them out and dismissing the action.

They should have been received and evidence heard as to their correctness, as to the various items mentioned therein.  We think we correctly reversed his judgment.

The defendant, however, so confidently asserts his ability to show errors in the account, and reducing them by large amounts, and as by their rejection by the court, he had no opportunity of contesting them, we think our former decree should be amended so that he may have an opportunity to do so.  We shall, therefore, remand the case.

It is, therefore, ordered that the decree rendered in this case be amended as follows :

It is, therefore, ordered that the judgment appealed from dismissing plaintiff's action be amended and reversed, and that the case be remanded to be proceeded with according to law and to the views herein expressed.  In other respects the decree heretofore rendered to remain undisturbed.