That the bond for $4,000 is inadequate for a suspensive appeal.

That appellants have abandoned the devolutive appeal which they might have taken under the first motion and order, and have attempted to obtain a second order of appeal, and the court a qua was without jurisdiction to grant the second order of appeal.

That the transcript for the second order of appeal is incomplete.

That there is no bond to which appellees can look for their surety, as there are two bonds given for the so-called devolutive appeal, and neither is designated as the bond to which appellees may look.

The bond for $4,000, though not good for a suspensive, is good for a devolutive, appeal. Gilmore v. Meeker, 115 La. 849, 40 South. 244. The appeal, having been perfected by the giving of the first bond, the subsequent proceedings were superfluous.

It is therefore ordered that the motion to dismiss be sustained as to the suspensive, but be overruled as to the devolutive, appeal.

---

(68 South. 194)

No. 20469.

## TEUTONIA BANK & TRUST CO. v. BUHLER.

(April 12, 1915.)

*(Syllabus by the Court.)*

BILLS AND NOTES ⟜493—DEFENSE—CONSIDERATION—BURDEN OF PROOF.

In a suit, by the payee against the maker, upon a negotiable note, in the usual form, containing an unconditional promise to pay, the defendant, who pleads want of "adequate consideration," assumes the burden of proof.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1652–1662; Dec. Dig. ⟜493.]

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by the Teutonia Bank & Trust Company against Eugene F. Buhler. From judgment for plaintiff, defendant appeals. Affirmed.

H. W. Robinson, of New Orleans, for appellant. John J. Reilley, of New Orleans, for appellee.

MONROE, C. J. Plaintiff obtained judgment herein on overdrafts and notes for an amount exceeding $41,000, in principal, subject to certain credits, and defendant has acquiesced in the judgment save in so far as it condemns him to pay a note for $8,159.35, with respect to which he insists upon the defense of want of "adequate consideration." As the note is in the usual negotiable form, and contains an unconditional promise to pay, the burden of proving the alleged want of "adequate consideration" rested on defendant, and he has failed to discharge it.

The pertinent, and only, testimony upon the subject of the origin and consideration of the note is that of Mr. Danziger, who is called the "special agent" of the liquidator, to the effect that the note could be traced back, on the books, to an original note for $10,000, given in 1904, when defendant and other directors gave their notes to the bank, the capital of which was then depleted; that the books do not show that defendant had any other transaction with the bank at that time by which he received any loan or accommodation. And, at this point, in the examination of the witness we find the following admission:

"It is admitted that, at the time in question, Mr. Buhler was vice president of the Teutonia Bank, and, after the bank examiner had examined into the affairs of the bank, he found that the capital of the bank had been seriously impaired by certain transactions; that he then called upon the then board of directors to make good the said impairment."

The examination of the witness then proceeds, but we find nothing in it that can be said to bear in any appreciable degree upon the question here at issue. There is not a word, for instance, upon the subject of the

"transactions" by which the capital of the bank had been seriously impaired, and, for aught that appears, the directors who gave notes "to make good the said impairment" did so because they felt legally, or morally, or both legally and morally, responsible for that condition; or, it may be that they found it to their interest to keep the doors of the bank open in that way. The testimony of the witness, taken as a whole, is too vague to predicate any conclusion whatever upon.

The judgment appealed from is therefore affirmed.