### No. 9950
### Orleans

---

### BROWN v. KING

---

(January 16, 1928. Opinion and Decree.)
(February 13, 1928. Rehearing Refused.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest — Bills and Notes—Par. 218, 233.**
The burden is on defendant to prove his defense of want of consideration of a note signed by him. He must estab-lish it by a preponderance of the evidence or he will fail.

Appeal from Civil District Court. Hon. H. C. Cage, Judge.

Action by Ruth H. Brown against Fred C. King.

There was judgment for plaintiff and fendant appealed.

Judgment affirmed.

C. L. Johnson, of New Orleans, attorney for plaintiff, appellee.

Paul L. Fourchy, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. Plaintiff alleged that she was the holder of a promissory note for five hundred dollars made by Fred C. King to her order, which the defendant failed to pay.

The defendant admitted the allegations of plaintiff's petition, but denied that he had received any consideration for the note.

Further answering he averred "that the note sued on was given to the said plaintiff without any consideration whatsoever, excepting that the said plaintiff was to hold said note against your respondent in the event of his death, as he desired that the said note should act as a claim against his estate and to be considered as a donation by him to the said plaintiff after his death, all of which was fully known to the said plaintiff.

Judgment was rendered in favor of plaintiff and defendant has appealed.

The plaintiff, as a witness, swore that she gave the defendant five hundred dollars in money as a consideration for the note.

The defendant denied her statement, but swore on the contrary that the only consideration was the one mentioned in the answer.

The judge was of the opinion that the burden was on the defendant to establish

his defense and that his testimony alone was not sufficient to tip the scales in his favor. He was right. Livaudais' Heirs vs. Fon, 8 M. (A. S.) 161; Friedman & Co. vs. Haughton and Ingram, 21 La. Ann. 200; Dwyer vs. Woulfe, 39 La. Ann. 423, 1 So. 868; Kearney vs. Succession of Whitehead, 34 La. Ann. 530; Yowell, In re, 118 La. 28, 42 So. 635; Teutonia Bank & Trust Co. vs. Buhler, 137 La. 5, 68 So. 194; 1 Orl. App. 15; 12 Orl. App. 318; 1 La. Digest 86.

In a previous case between the same parties we discussed the weight of plaintiff's testimony. No. 9951.

The defendant failed to appear in this court by brief or counsel. The trial judge decided correctly and his judgment is therefore affirmed.