IACCUZZO v. COLE

---

(July 1, 1931. Opinion and Decree.)
(July 20, 1931. Rehearing Refused.)

---

Ellender & Ellender, A. M. Suthon, Julian G. Prendergrast, of New Orleans, attorneys for plaintiff, appellant.

Harris Gagne, of Houma, attorney for defendant, appellee.

MORENO, Judge ad hoc.

This is a suit by Joseph (or Gio) Iaccuzzo against Dr. Christian G. Cole as indorser on a note of the Myrtle Grove Sugars, Incorporated, in the sum of $1,750, together with 7 per cent interest from the date of the note, February 25, 1929, and for attorney's fees. There was a judgment in favor of the defendant, dismissing the suit of the plaintiff as of non-suit. From this judgment plaintiff appeals.

Plaintiff alleges that he is the holder and owner for value and before maturity of the note in question, executed by the Myrtle Grove Sugars, Inc., by Dr. Cole as president, payable to its own order, and by it indorsed, and which note was further indorsed by Dr. Cole individually. The terms of the note make Dr. Cole liable to the same extent as the Myrtle Grove Sugars, Inc.

The defendant answered, admitting the execution of the note, but pleading a want of consideration. Respondent alleged that the plaintiff had been declared a bankrupt and that Charles A. Ledet had been named as his trustee; that "the Myrtle Grove Sugars, Inc., had purchased from the said Charles A. Ledet, Trustee, certain cane belonging to the bankrupt estate," which had been frozen and was to be manufactured into sugar by the Myrtle Grove Sugars, Incorporated, "and to be paid for or not, according as the results of the manufactured product should determine its value." He further alleged that the cane was received and ground as a matter of accommodation and on condition that the manager of the Myrtle Grove Sugars, Inc., should determine the value of the cane after its manufacture.

Defendant alleges that on the date on which the note was executed, Mr. Ledet told Dr. Cole that if the Myrtle Grove Sugars, Inc., would give a note for $1,750, payable in ninety days and indorsed by Dr. Cole, that Mr. Ledet could raise sufficient funds to discharge the bankruptcy proceedings against Mr. Iaccuzzo. The respondent says that the note was given with the distinct understanding that it was to serve only for the banking purposes of the parties and would be returned to the factory "if it should be determined that the manufactured product of the frozen cane would not bring the amount of the

said note," and that subsequently the manufactured product, because of the frozen condition of the cane, proved to be valueless.

The defendant thereafter filed a plea of estoppel, reserving the benefit of a plea of res adjudicata, which was never filed. The plea is based upon the fact that Mr. Iaccuzzo filed suit in the Seventeenth judicial district court for the parish of Terrebonne against the Mrytle Grove Sugars, Inc., for $983.83. In that suit Mr. Iaccuzzo alleged that he had shipped to the defendant cane of the value of $2,650.83 and "that on or about February 25th, 1929, a partial payment, aggregating the sum of Seventeen Hundred and fifty dollars ($1,-750.00) was made to him through Charles A. Ledet, Trustee, with the understanding that the remainder would be paid shortly thereafter; and with the further understanding that the matter of final settlement would be adjusted by the manager of the defendant company, the said Charles A. Ledet, Trustee, and some third party." The suit was for the difference between the total value of the cane and the note of $1,750.

There was judgment against Mr. Iaccuzzo in favor of the Myrtle Grove Sugars, Inc., and on appeal to the Court of Appeal, Second Circuit, this judgment was affirmed.

It is clear from the very reading of the facts upon which the plea of estoppel, which is more in the nature of a plea of res adjudicata, is made to depend that it is not well founded. The suit, which is made the basis of the plea, is one by the present plaintiff against the Myrtle Grove Sugars, Inc. Dr. Cole was not a party to that suit, so that the first element required for the plea of res adjudicata is lacking since the parties are not the same. It is equally clear that neither

the thing that was the subject of the controversy nor the nature of the relief prayed for is the same. In this suit, Mr. Iaccuzzo was suing not for the $1,750, the amount of the note, which is the subject of this suit, but for the value of the cane above that amount which he alleged had been delivered to the Myrtle Grove Sugars, Inc. The plaintiff in that suit distinctly recognized that he had been paid in part for the cane delivered to the Myrtle Grove Sugars, Inc., by the giving and the receipt of the note of $1,750. His very petition shows that he was not claiming any part of the $1,750, since he specifically gave credit for that amount to the Myrtle Grove Sugars, Inc., and sued merely for the balance. The facts are so clear and the principles are so elemental that the citation of authority is hardly required to say that the plea is without merit.

There is a sharp conflict in regard to the conditions under which the note was given by Dr. Cole to Mr. Ledet. The latter contends that upon the basis of the prices paid for the sugar cane of like quality as that sold by the plaintiff to Myrtle Grove Sugars, Inc., there was, on February 25, 1929, due Mr. Iaccuzzo $2,650. He says he requested Dr. Cole to execute the note on behalf of the corporation and to indorse it because of his knowledge that the note could not be used without that indorsement. He says that it was agreed that if it should develop that the value of the cane delivered to the corporation was less than the amount of the note, that Dr. Cole would be refunded the difference, and that if there was any dispute regarding any amount due by the corporation above the $1,750, it should be referred to arbitration.

Dr. Cole, on the other hand, contends that the note was given purely as an ac-commodation in order to permit Mr. Ledet to compromise with the creditors of Mr. Iaccuzzo, and to discharge the bankruptcy proceedings. Dr. Cole evidently has in mind the use of the word "accommodation" in its generally accepted sense of doing something to help some one out of a difficult situation and not the use of the word in its legal signification with regard to negotiable instruments.

The evidence satisfies us that the note was not given without consideration and was not given purely to enable Mr. Ledet to use the note at the bank, but that, on the contrary, it was given in discharge of an indebtedness due by the Myrtle Grove Sugars, Inc., and was intended to create on the part of Dr. Cole an obligation to pay the note. The giving of the note was in the nature of an advanced payment before the exact amount of the debt due by the Myrtle Grove Sugars, Inc., to Mr. Iaccuzzo had been ascertained, but nevertheless was intended to discharge pro tanto that obligation.

This conclusion finds support in the testimony of Dr. Cole as follows:

"I only agreed to give this note provided he would promise me that, if the note covered—if the amount of the note was more than what the arbitrators would finally determine the cane was worth, why, he would hold in his possession as trustee in bankruptcy sufficient funds to protect me in the matter, and would refund such funds to me, and any overplus that might be paid."

Mrs. Topping, vice-president of the Myrtle Grove Sugars, Inc., who was present when the note was given, also says that the note was given with the understanding that if the amount of the note was greater than the debt due to Mr. Iaccuzzo, there would be a refund of the difference between the note and the debt. And Mrs. Cole,

the wife of the defendant and the treasurer of the company, also present at the giving of the note, says that "there was something supposedly due him on the cane," and as they had not been able to arrive at a definite figure, the note was given as an advance against the amount due, "and it was done with the distinct understanding that, if he was overpaid, there would be a refund on it, and, if there was any more due, that he would make good the difference on it."

The evidence clearly establishes that the note was given in discharge of a debt, with the condition that if there was an overpayment there would be a refund to Dr. Cole. The note was therefore not an accommodation note by which plaintiff was enabled to use the credit of Dr. Cole, but, on the contrary, was given in discharge of an obligation due. There was unquestionably a consideration for the note, so that the defense of lack of consideration passes wholly out of the case. However, the case has been treated as if lack of consideration and failure of consideration, either in whole or in part, are synonymous terms in the law. Even giving the defendant the benefit of the confusion in the defenses, the defense of failure of consideration in part cannot prevail.

Sections 24 and 28 of the Uniform Negotiable Instrument Law (Act No. 64 of 1904) provide as follows:

"Sec. 24. Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."

"Sec. 28. Absence or failure of consideration is a matter of defence as against any person not a holder in due course; and partial failure of consideration is a defence pro tanto, whether the failure is an ascertained and liquidated amount or otherwise."

Under these sections of the law, it is clear that Dr. Cole having admitted the execution of the instrument, there arose a presumption that it had been issued for a valuable consideration. In order to escape the effect of the obligation, it was incumbent upon him to prove either the absence or failure of consideration. The consideration for the execution of the note was the discharge of a debt for the cane furnished by the plaintiff and if the value of the cane did not amount to $1,750, the burden of showing that fact and the extent of the failure of the consideration was upon the maker of the note. Shaffer v. Bond, 129 Md. 648, 99 A. 973; Williston on Contracts, vol. 2, pp. 21-29; Footnote 96; Revised Civil Code, art. 2232.

To the same effect is Brown v. King, 7 La. App. 570, holding that the burden of showing want of consideration for a note executed by the defendant lies on him and that he must establish it by preponderance of the evidence. The court said:

"The judge was of the opinion that the burden was on the defendant to establish his defense and that his testimony alone was not sufficient to tip the scales in his favor. He was right. Livaudais' Heirs v. Fon, 8 Mart. (O. S.) 161; Friedmann & Co. v. Houghton and Ingram, 21 La. Ann. 200; Dwyer v. Woulfe, 39 La. Ann. 423, 1 So. 868; Kearney v. Succession of Whitehead, 34 La. Ann. 530; In re Yowell, 118 La. 28, 42 So. 635; Teutonia Bank & Trust Co. v. Buhler, 137 La. 5, 68 So. 194; (Delaney v. Wilcox), 1 Orl. App. 15; (Gambino v. Forrestier), 12 Orl. App. 318; 1 La. Digest 86."

This rule has also been recognized and applied in Irving v. Edrington, 41 La. Ann. 671, 6 So. 177; Teutonia Bank & Trust Co. v. Buhler, 137 La. 5, 68 So. 194; Delaney v. Wilcox, 1 Orl. App. 15; Breaux & Bonin v. Campbell, 1 La. App. 356; Mercantile Adjustment Agency v. Palmisano, 2

La. App. 443; Brown v. King, 7 La. App. 570; Hibernia Bank & Trust Co. v. Champagne, 8 La. App. 664; City Savings Bank & Trust Co. v. Goodman, 156 La. 106, 100 So. 66.

The defendant in this case has failed to establish that the value of the cane was less than $1,750. It is true that he says that the cane was valueless, but that is a mere expression of opinion without any specific facts to warrant the court in accepting that statement. The record shows that Louis M. Dill, the manager of Myrtle Grove Sugars, Inc., was familiar with the condition of the cane which was delivered, but he was not called as a witness. Since he was within the control of the defendant, who was the president of the corporation, and was available as a witness, there naturally arises a presumption that if he had been called as a witness that his testimony would not have tended to support the contention of the defendant.

In view of the fact that there is no evidence of a serious and substantial nature to show that the value of the cane did not amount to $1,750, the defendant has failed completely to establish his defense of failure 'of consideration either in whole or pro tanto, and, consequently, the defense must fail.

The judgment of the lower court is accordingly reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of the plaintiff, Joseph (or Gio) Iaccuzzo, and against Christian G. Cole, in the full amount of $1,750, together with interest at 7 per cent from February 25, 1929, until paid, with 10 per cent attorney's fees on principal and interest.

WESTERFIELD, Judge, and DUNBAR, JR., Judge ad hoc, participating.