SIMON, Justice.
 

 Plaintiff, Mrs. Esther Lyons LaRocca, alleging herself to be the holder and owner before maturity of a certain promissory note, instituted this suit against the defendant, Mrs. Mary LaRocca Ofrias, as maker thereof, seeking judgment for its face value. The defendant admitted its execution but denies liability alleging lack of consideration and, in the alternative, its extinguishment.
 

 The district court rendered judgment in favor of plaintiff, and the defendant appealed.
 

 The record discloses that plaintiff acquired said note by judgment rendered in the succession proceedings, of Bartholomew LaRocca, her husband, in whose effects said note was discovered.
 

 Defendant alleged that she executed the demand note here sued on for the sum of $3,200, plus interest and attorney fees, payable to the order of herself and by her endorsed and delivered it to her deceased brother, the deceased husband of the plaintiff; that said note issued without consideration, and no consideration whatever was received by her for the instrument. She further contended that said note was delivered with the distinct understanding that no personal liability would attach to her thereon and with no intention either on her part or on that of her deceased brother that it would be paid during her lifetime, nor was it intended that payment would be enforced. She alleged and testified that in truth and in fact she executed the note immediately prior to her departure for Europe for the sole purpose of remembering her brother should she predecease him,
 
 *295
 
 intending said note to be merely an expression of gratitude for the kindness and affection he bestowed on their aged father. She personally styled said note a “special legacy”.
 

 An alternative defense is an extinguishment of the instrument by the surrender of a certain $15,000 note to plaintiff by defendant. This note is one of two $15,000 notes executed by plaintiff’s husband and his brother and secured by a mortgage on property belonging to them in indivisión. Defendant acquired one of the said $15,000 notes from her deceased brother. She readily admitted that no consideration was given by her for it, but, she testified, that said note was delivered to her to enforce payment thereon in the event her said brother predeceased her.
 

 This $15,000 note is not made the subject of this suit; however, reference is made to it as an illustration of the manner in which the defendant and her deceased brother handled their affairs as between themselves.
 

 Notwithstanding the allegation that the $15,000 note was given to defendant for collection should her brother predecease her, after his death defendant was requested by plaintiff’s son to surrender said note so that the mortgage securing it could be cancelled, the decedent’s succession settled, and the purchaser of said mortgaged property given an unencumbered title. This conversation concerning the surrender of said note was had between defendant and plaintiff’s son for the unfortunate reason that animosity and ill-feeling existed between the plaintiff and defendant as sisters-in-law who were not on speaking terms. Defendant agreed to and did surrender said note to plaintiff in consideration for the surrender to her of the note here sued on. Though plaintiff refused to surrender the note sued on, she admitted receipt of the $15,000 note without any demand for payment thereof being made by defendant.
 

 During the course of the trial, over the objections of counsel for plaintiff, the trial judge permitted the defendant to relate statements made to her by her deceased brother which served to substantiate her defense of want of consideration. We find no error in the ruling.
 

 Although testimony respecting declarations of a person since deceased, even when against interest, is the weakest sort of evidence, nevertheless, such statements are legal evidence against his executor, administrator, heirs or other persons claiming under him. Brown v. King,
 
 7
 
 La.App. 570; Succession of Crawford, 16 La.App. 326, 134 So. 269; Gaddis v. Brown, La.App., 1 So.2d 845.
 

 We may and do accept the version of the defendant as to the transactions had between herself and her deceased brother. Though the defense herein is unusual, we
 
 *297
 
 are impressed with the unabashed honesty and sincerity of defendant in relating the free-wheeling manner in which she and her deceased brother handled their affairs as between themselves, without regard as to whether their transactions conformed with legal requirements or technicalities. Her testimony, corroborated by the undisputed habits and customs practiced by defendant and her brother and the undisputed facts and circumstances involving the considerably larger note for $15,000 which she voluntarily surrendered without attempting as a holder to enforce payment, that no consideration was given for the note sued hereon is convincing and worthy of belief.
 

 Under the Louisiana negotiable instrument law, LSA-R.S. 7:52 provides that a holder in due course is a holder who has taken the instrument under the following •conditions: That it is complete and regular upon its face; that he became the holder ■of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; that he took it in good faith and for value; that, at the time it was negotiated to him, he had no notice of any infirmity in the instrument or defect in the title of the person negotiating ■it.
 

 LSA-R.S. 7:57 provides that a holder in •due course holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties .among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon.
 

 LSA-R.S. 7:58 provides that in the hands of any holder other than a holder in due course a negotiable instrument is subject to the same defenses as if it were non-negotiable.
 

 LSA-R.S. 7:28 declares that absence or failure of consideration is a matter of defense as against any person not a holder in due course.
 

 The evidence in the instant case conclusively shows that plaintiff was not a holder in due course. Under the uncontradicted evidence adduced, it cannot be said that plaintiff took the note for value and in good faith. No value was given by her or her deceased husband for said note. Plaintiff admitted that the $15,000 note was surrendered without defendant demanding payment. Further, it is clearly shown that plaintiff had knowledge that when defendant surrendered said $15,000 note she did so with the expectation of a like surrender of the $3,200 note without plaintiff demanding payment thereof.
 

 We conclude that the defendant has, by a preponderance of the evidence, established her plea of want of consideration.
 

 Accordingly, for the reasons assigned, the judgment of the district court is reversed, annulled and set aside, and plaintiff’s suit is hereby dismissed. All costs to be paid by plaintiff.