BOUTALL, Judge,
dissenting.
I disagree with the majority opinion in this case both as to the result and as to the reasoning by which it reached that result. This suit concerns an account opened in the Eureka Homestead in the names of “Clarence Doescher or Louis J. Doescher”. Louis J. Doescher brings suit against his sister Agnes Doescher Marcotte and brother John H. Doescher alleging they have unlawfully converted the account to their own purposes, and against the Eureka Homestead Society for damages, alleging that the funds belong to plaintiff Louis J. Doescher.
The main issue is not whether a third party may withdraw the funds without written authorization, but the ownership of the funds in question. If Louis is not the owner of the account, he is not able to obtain recovery of either ownership or damages. Additionally, I point out that the funds are still intact, together with accumulated interest in an account in the name of the defendants in the Eureka Homestead, and plaintiff is seeking a decree of ownership. The majority opinion sidesteps this issue and causes the parties to engage in *350 another legal entanglement to settle the issue presented in this case. At this same time, I take care to point out that there is no issue in this case as to any inheritance rights or heirship rights that the plaintiff or defendants may have against the funds in question.
At the outset it must be emphasized that the original account stood not just in the name of Louis J. Doescher, but in the name of Clarence Doescher or Louis J. Doescher. Louis claims the ownership of that entire account. The basic defense is by other siblings who contend that Clarence owned the entire account.
As to the issue of the ownership of the funds in question, either owner can prove ownership in whole or in part when the account or deposit in a bank is in the name of two persons. Wilson v. King, La.App., 165 So.2d 70 (1964). Agnes Marcotte, sister of the plaintiff, and Katie Doescher, aunt of both plaintiff and defendants, testified that the original funds were given to Clarence Doescher by his father to compensate him for the work he had done on the family dairy without compensation. Agnes and Katie Doescher testified that they were the only persons present when the benefactor, William Doescher, made such disposition. Plaintiff had earlier testified that he too was present, but the donation was to both him and Clarence. This credibility conflict was resolved in favor of the defendants.
On appeal, the plaintiff argues that the trial court erred when the court allowed ‘hearsay’ evidence as to what the benefactor, William Doescher, told others as to the purpose of the funds. I note that the record of the testimony shows that the plaintiff was the first party to testify as to the statements of the deceased William Doescher’s intent, and that there was no timely objection made by plaintiff’s counsel. Plaintiff had opened the issue with ‘hearsay’ testimony, but now attempts to deny the defendants the opportunity to countervail the 'proof of William Doescher’s intentions. Furthermore, the testimony respecting declarations of a person since deceased, even when against interest, is the weakest sort of evidence, but such statements are legal evidence against other persons claiming under him. Larocca v. Ofrias, 231 La. 292, 91 So.2d 351 (1956).
The testimony of the witnesses shows that the plaintiff had in fact received much more compensation than Clarence had received. The testimony also shows that during the period that the account was in Louis Doescher’s name, he never attempted to withdraw any of the funds, even though he was in a dire financial condition, verging on bankruptcy. Plaintiff offers no explanation of this fact.[1] Further, plaintiff never reported the interest on the funds as his income, but Clarence reported all of the interest on his income tax return.
As to the authority of Agnes to act as Clarence’s agent, even plaintiff admitted that Agnes handled all of Clarence’s financial transactions. Indeed, Agnes handled all of the financial matters for several members of the family. Although the Homestead normally would not allow a third party to withdraw the funds of a joint account, Clarence nonetheless gave implied approval of the first withdrawal by himself signing the authorization-subscription card for the new account opened in January, 1969. The testimony also shows that plaintiff had knowledge of the change of the original account, despite his denial in testimony, prior to a discussion in February of 1970, shortly after Clarence’s death.
Another issue raised by the plaintiff is whether the trial court erred in allowing the testimony of Agnes Marcotte and Katie Doescher as to the circumstances surrounding the transactions, on the ground that parol evidence may not be used to vary the terms of a written contract; plaintiff alleging that the account established a contract between the depositor and the Homestead. *351 This court has said that the relationship of a bank and a depositor is that of a debtor and creditor. Wilson v. King (supra).
The question as to whether Clarence or Louis is the owner of whole or part of the funds deposited has been resolved by the trial court against ownership by Louis and in favor of ownership by Clarence. This determination is largely made on the basis of the credibility of the witnesses. For the reasons stated above, the record supports his judgment, and accordingly I conclude that the trial judge was correct in his judgment and would affirm it on this appeal.

. Defendants introduced evidence that during the period of plaintiff’s financial dilemma, Agnes Marcotte and other family members loaned plaintiff several thousand dollars to help the plaintiff out; even paying his house note on occasion. They have alternatively pleaded offset of this amount.