E. WOOTEN, f. w. c., *v.* GEORGE HARRISON, Tutor, et al.

Where during twenty years the plaintiff remained silent as to a claim, although there were frequent
dealings and accounts between her and the alleged debtor, during the interval, the demand will be
considered stale and presumed to have been paid.

Where the existence of a legal consideration is put at issue and doubt or suspicion cast on its reality,
it must be sustained by proof.

APPEAL from the District Court of the parish of West Feliciana, *Sterling,* J.
*Ratcliff,* for plaintiff and appellant.   *U. B. Phillips* and *Brewer & Collins,* for defendant.

SLIDELL, C. J.   Mrs. *Rebecca Harrison* was the universal legatee of *John C.
Morris.*   The defendants are her children and heirs.   The plaintiff's claim is
founded on the alleged indebtedness of *John C. Morris,* and is composed of
various items.

Upon that portion of the claim which embraces the alleged indebtedness of
*Morris,* as curator of the succession of *Antonio* and *James Nelasco,* we think
judgment was properly rendered in favor of the defendants.

Many years since, one *James Nelasco* left legacies to *Ellen Wooten* and her
children.   She claimed them from *Turner,* the curator of *Nelasco's* succession,
and in 1828, a decree was made, recognizing the claim and ordering the curator
to render an account.   *Morris* soon after succeeded *Turner* in the curatorship ;
settled with him, administered the estate, and filed an account in 1830, showing
what he had received from *Turner,* and how he had appropriated it.   In this
account the amount coming to *Ellen* and her children, are put down as paid,
and reference is made to two vouchers said to be annexed with the other vouchers for payments.   Upon this account the following decree was made :

"On reading and filing the petition, answer, account and vouchers in this
case, and due notice having been given, and there appearing to be no good
cause why the said account of the curator, *Morris,* should not be passed and
homologated, and he be discharged, ordered that the account and vouchers of
said curator, *John C. Morris,* be passed and homologated, and the said *Morris* is
hereby discharged from any further administration of the succession of *Antonio* and *James Nelasco,* and of *John Rouse,* and bonds given in these cases are
hereby cancelled and discharged.   September 20th, 1830.

JOHN B. DAWSON, Parish Judge."

It appears that the vouchers spoken of in the account and decree are not
now extant among the papers of the late Probate Court, nor does the record
exhibit any direct evidence of publication of notice to creditors, or personal
notice to the plaintiff, of the application of the curator for the approving of his
account and a discharge.   On the other hand, the plaintiff was once a party to
the *mortuaria ;* it is proved that the papers of the court (as unfortunately has
too often occurred in the country parishes,) were not kept with care and order,
and portions of them had been destroyed by vermin; during twenty years the
plaintiff has remained silent as to this claim, although there were frequent
dealings and accounts between her and *Morris* during that long interval.   Under such circumstances, the District Judge was fully justified in presuming
that this stale demand had been paid.

<div style="float:right">WOOTEN<br>v.<br>HARRISON.</div>

Another claim of the plaintiff is upon a note signed by *Morris* under date of 9th January, 1846, for $2000, payable on demand to *Ellen Wooten* or bearer, with ten per cent. interest from date. The defendants, among other matters of defence, contended that this note, if genuine, was in fact a disguised donation made by *Morris* to the plaintiff, a free woman of color, who had once been his concubine; and that no valid consideration was given for it.

We have carefully considered the evidence with regard to this note, and the surrounding circumstances; and it has produced upon our minds an impression so unsatisfactory that we are not prepared to say the appellant has any right to a change of the judgment below in her favor. The evidence tends quite strongly to the conclusion that the relation of concubinage did once exist between the plaintiff and *Morris*. A deed made by him to her many years since, assists in some degree that hypothesis. It is a very singular circumstance, if the note was really for an indebtedness, that the plaintiff during the years 1848 and 1849, should have gone on making partial payments from time to time, upon a note made by herself in favor of *Morris* and now held by his heirs, and taken no action upon the note until after the death of *Morris*. Though the existence of any lawful consideration has been put at issue, and the showing above mentioned has been made by the defendant, no evidence of consideration has been given by the plaintiff. See Civil Code, 1468, 1523, 1525. 1 Ann. 239. 2 Ann. 518.

As there has been no prayer for an amendment of the judgment by the appellee, the enquiry whether the note signed by *Morris* should have been wholly or partially disregarded is not properly before us.

It is therefore decreed that the judgment of the District Court be affirmed and to be operative, also, against the said *Sarah Ann Harrison* and *Martha Mary Harrison* as heirs of *Rebecca Scholfield*, deceased, formerly a defendant in this cause, and who died since this appeal was taken, without prejudice however to to the right of said *Sarah* and *Martha*, to show, in any future proceeding against the plaintiffs, that they are not liable in whole or in part as heirs of said *Rebecca* for her portion of the judgment of the District Court in this cause.