F. MARTIN, Administrator, *v.* LYDIA WRIGHT DONOVAN.

*The law creates a legal presumption that a promissory note has been given for a valuable considera-
tion, but this presumption may be rebutted, and the payee required to prove the consideration.
When the existence of the consideration is expressly put at issue, and doubt or suspicion cast upon
its reality, the burden of proving it is thrown upon the payee.*

APPEAL from the Sixth District of New Orleans, *Howell*, J.
*Durant & Hornor*, for plaintiff and appellant. *Budd & Lambert*, and *Bon-
ford, Singleton & Clack*, for defendant.

MERRICK, C. J. " Petitioner, the administrator of *Denis T. Donovan*, sues
the defendant, the latter's widow, on two promissory notes, of which the follow-
ing are copies :

"$2,750 60. NEW ORLEANS, June 8th, 1857.

" Twelve months after date, I promise to pay to the order of myself, two
thousand seven hundred and fifty 60–100 dollars, value received.

" Due 8–11 June, 1858.

" LYDIA WRIGHT.

" Endorsed : LYDIA WRIGHT."

" $3,276 00. NEW ORLEANS, July 31st, 1857.

" Eighteen months after date, I promise to pay to the order of myself, three
thousand two hundred and seventy-six 00–100 dollars, value received

" LYDIA WRIGHT.

" Endorsed : LYDIA WRIGHT."

" There are no other endorsements."

" The defendant admitted her signature and endorsement of the notes, but
pleaded want of consideration. She says the notes ' were given and intended
simply for the accommodation of her said deceased husband, and at his earnest
solicitation and request ; and that she never received any consideration whatever
for said notes ; that she never had any business transactions whatever with the
deceased, *Denis T. Donovan*, but that great intimacy and confidence existed be-
tween them ; that she feels assured the said deceased never used the notes sued
on, *and that at the time of his decease, they were in the possession of respondent
and the deceased, together with her marriage certificate, and were handed, with all
her own and the papers of deceased, to the notary, to be inventoried, she not know-
ing the effect of their being so inventoried.*' "

The answer being accompanied with the requisite affidavit, the case was tried
by a jury, who found a verdict in favor of the defendant, and plaintiff appeals.

The defendant and *Denis T. Donovan*, were married in January, 1858, six or
seven months after the supposed date of the notes. The defendant, at the time
of her marriage with *Donovan*, was the widow of one *Wright*, from whose suc-
cession she had acquired some real estate in New Orleans, which served for her
support.

*Donovan* had previously been engaged in a partnership with *H. H. Stanly*,
which was dissolved about July, 1857. It is shown, that *Donovan* was embar-
rassed and had overdrawn about $3,000 from the firm ; that he had mortgaged
a slave to certain parties, and afterwards sold the same to their prejudice, for
one-half its value ; that at the time the inventory was taken, these notes were

6

MARTIN
*v.*
DONOVAN.

found at the common dwelling, in a desk belonging to the deceased, but that he had a bank-box in which other notes were found ; that he kept a bank check-book, and that there were no entries therein at the date of these notes ; that there was no memorandum or entry in any book kept by the deceased, though he kept check-books, bank-books, accounts, statements of his affairs, memoradum-books, &c., having any reference to these notes ; that the defendant, who is said by a witness to be a simple and kind hearted woman, is not accustomed to transact business, and that if she had had business affairs involving six thousand dollars, the witnesses would have known it. It is, moreover, shown that the notes, except the signature and endorsement, were in the hand-writing of *Donovan.*

The question to be considered is, did the Judge err in concluding that the facts which we have detailed, had the effect of shifting the burden of proof from the defendant to the plaintiff, to show that the notes were given for a valuable consideration ?

The testimony creates an extremely strong probability that *Donovan* had not the amount of these notes, six thousand dollars, to advance to the defendant, nor any other considerable sum. He was embarrassed and in want of money himself. His bank-book shows no transaction corresponding with the amount of the notes. The estate of the defendant does not appear to have been increased, and she was engaged in no business which required funds to the amount of the notes ; and, it is shown, that her wants were supplied, and the repairs of her buildings were paid for out of the revenues of her property.

Taking these circumstances into consideration, in connection with the fact that he was the suitor of the plaintiff sometime previous to the marriage, and that these notes, so considerable in amount, were never placed in bank as valuables, either before or after marriage, nor transferred or entered in any book, or otherwise treated as the property of the deceased, we cannot say that the jury erred in concluding that the defendant had adduced sufficient evidence to throw the burden upon the plaintiff to show that value had been given for the notes.

The law creates a *presumption* that a promissory note has been given for a valuable consideration, but this presumption may be rebutted, and the payee may be required to prove the consideration. See *Clarke* v. *Christine*, 4 Rob. 196 ; *Wooster* v. *Harrison, tutor*, 9 An. 234.

After the presumption had been rebutted by the negative proof of defendant, it became the duty of the plaintiff to show the consideration of the notes by affirmative proof.

Judgment affirmed.