## M. A. HENDERSON *v.* WIDOW GIRAUDEAU.

Where a suit is brought on a promissory note, and want of consideration is set up as a defence, if the note on its face purports to have been made for a valuable consideration, and it is shown that the parties have dealings together, and that the plaintiff lent money out on interest, the burden of proof rests upon defendant, to show a want or failure of consideration.

APPEAL from the Third District Court of New Orleans, *Duvigneaud*, J. *C. V. Jonte* and *H. Train*, for plaintiff. *A. Robert*, for defendant and appellant.

DUFFEL, J. The plaintiff sues *J. Aicard*, as curator of the interdicted *Widow B. Giraudeau*, f. w. c.. for the amount of a note of $2000.

The defence set up is, want of consideration, denial of signature, and insanity at the date of the execution of the note.

The District Judge, after reviewing the mass of contradictory testimony which usually abounds in such cases, rendered judgment in favor of the plaintiff for the amount claimed.

The note on its face purports to have been made for a valuable consideration; and it is in evidence, that the parties have dealings together, and that the plaintiff lends out money on interest; it was, therefore, incumbent on the defendant to show a want or failure of consideration, which was not done. The execution of the note was sufficiently established. The declaration of the plaintiff, as disclosed by the curator and another witness, was not of a character, when taken in connection with the other facts of the case, to preclude a recovery.

The District Judge, who " was better acquainted with the credibility of the witnesses than we are," was of opinion that the defendant was not *notoriously* insane, in fact was not insane at all, when the note was made and acknowledged by her, and we cannot say that he erred. C. C. 395, 1782; *Laloir* v. *Lacoste*, 4 La. 115; *Holland* v. *Miller*, 12 An. 624.

No damages, for a frivolous appeal, can be awarded.

It is, therefore, ordered, that the judgment of the lower court be affirmed, with costs.

LAND, J., absent.