## OSBORNE & TOLLE *v.* POWELL & CO.

*A party cannot recover judgment on notes not yet due at the time of filing the petition, unless the affidavit is made in conformity to law.*

APPEAL from the Fourth District Court of New Orleans, *Price,* J. *Durant & Hornor* for plaintiffs. *W. H. Hunt* for defendants.

HOWELL, J. This is an attachment suit which was consolidated and tried with that of Von Phul, Waters & Co., against same defendants, just decided.

Plaintiffs sue for $3,425; and in a supplemental petition set forth that, at the date of instituting their suit, only the sum of $1,925 was due, the balance of the original claim consisting of two notes, endorsed by them, not then due. For this sum of $1,925 they obtained judgment against the defendants, with privilege, and against the garnishees, James Connoly & Co., who intervened and claimed a preference for a general balance against the defendants.

Connoly & Co. appealed, and plaintiffs join in the appeal, and ask that the judgment be awarded so as to allow the whole amount of their claim. Powell & Co. are made parties to the appeal.

On 30th October, 1858, when this suit was instituted, intervenors' account current with the defendants showed $84,872 28 to the credit, and $86,258 81 to the debit of the intervenors, making a balance, in their hands, in favor of defendants, Powell & Co., of $1,386 53. Besides this, they have the sum of $665 20 net proceeds of 123 barrels of flour, per steamer S. Decatur, which they say is claimed by Bowker & Edmonds, of Boston, making $2,051 73 the actual sum in their hands. But a lot of

OSBORNE
*v.*
POWELL.

160 barrels of flour, per steamer Michigan, consigned to them, was sold by the sheriff, in this suit, the proceeds of which are $585 60, as stated in said account of intervenors. The total amount, therefore, of the proceeds of the consignments by the defendants, Powell & Co., to the intervernors, Connoly & Co., is $2,637 33, as found by the lower court, and is subject to the attachment of the plaintiffs; and, consequently, the intervenors are not entitled to a judgment in their favor for any sum. The three items in their account, not allowed by the lower court, were properly rejected. They had in their hands a larger amount of money than the defendants owed them, and cannot claim interest on the debit and not allow it on the credit side of their account; and it is not shown how the other two items, for general average, originated.

The plaintiffs made a witness of one of the defendants, who testifies that, on 28th October, 1858, the defendants paid plaintiffs, in St. Louis, the sum of $146 68 on account, which is not credited in the bill sued on; and which must be deducted from the amount for which judgment was rendered in their favor. They cannot recover judgment in this suit on the two notes, not due at the filing of their petition, as the affidavit made by them is not in the form required in such case.

As the sheriff has in his hands $585 60, proceeds of property attached and sold at the suit of plaintiffs, this amount should be paid to them by said officer and not by the garnishees, and require the latter to resort to the sheriff for it.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be reversed, and that plaintiffs, Osborne & Tolle, recover of defendants, Powell & Co., *in solido*, the sum of $1,778 32, with legal interest from judical demand, costs of suit in lower court, and privilege on the property attached, and without prejudice to their right of action on the two notes set forth in their amended answer. It is further ordered, that, in part satisfaction of this judgment, they be paid by the sheriff the sum of $585 60, proceeds of 160 barrels flour, sold in this suit on 15th November, 1858, by said sheriff. It is further ordered that the demand of intervenors be dismissed, with costs, and that plaintiffs have judgment against James Connoly & Co., garnishees, *in solido*, for the balance of the aforesaid sum of $1,778 32, to wit: $1,192 72, with legal interest from maturity of this judgment; and it is further ordered that the plaintiffs and appellees pay the costs in this court.