## No. 3307.

### BAKER B. PEGRAM v. JOHN B. COOPER.

On the trial of this case the defendant offered in evidence a written instrument to show the contract entered into between the parties, and proposed to prove by witnesses then present that the plaintiff had failed on his part to comply with the written agreement. The judge a quo erred in refusing to admit this evidence. It was incumbent upon the defendant, under the allegations of his answer, to prove the alleged failure of consideration, and he was entitled to the benefit of any legal evidence in his power to establish said allegations.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. H. H. Bryan, Jr.,* for plaintiff and appellee. *Case & Rouse,* for defendant and appellant.

TALIAFERRO, J. The defendant is sued on several promissory notes amounting to $1000. The defendant pleaded failure of consideration. The plaintiff had judgment and defendant appealed.

A bill of exceptions taken by the defendant during the trial of the case in the court below will first be considered.

The plaintiff and defendant were formerly partners in business in New Orleans, under the name and style of John B. Cooper & Co. It seems that their business was to attend upon the levee and landing, to receiving cargoes of merchandise of various kinds for other merchants, and having the goods taken care of and delivered. It seems further that the plaintiff was the more prominent partner, and wielded a strong influence among their employes. Upon the dissolution of partnership a written instrument was signed in duplicate, by which it was agreed that in consideration for the plaintiff's interest in their partnership, and for the further consideration of the plaintiff's using his influence to retain and secure customers and patrons for the benefit of the defendant, who intended to follow the same business in which the partnership had been engaged, the defendant agreed to pay the sum for which the notes were executed.

On the trial of the case the defendant offered in evidence the written instrument to show the contract between the parties, and proposed to

prove by witnesses then present that the plaintiff had failed on his part to comply with the written agreement. The judge *a quo* refused to admit the evidence offered, and the defendant excepted and reserved a bill.

We think the evidence should have been admitted. It was incumbent upon the defendant, under the allegations of his answer, to prove the alleged failure of consideration, and he was entitled to the benefit of any legal evidence in his power to establish the allegation. The case must be remanded for that purpose.

It is therefore ordered that the judgment appealed from be annulled and set aside. It is further ordered that this case be remanded to the court below with instructions to admit the evidence offered by the defendant, and further to be proceeded with according to law, the plaintiff and appellee paying costs of this appeal.

Rehearing refused.