No. ——

First Circuit Appeal

——

BREAUX & BONIN v. MELCHIOR CAMP-
BELL, ET AL.

——

(Dec. 30, 1924, Opinion and Decree.)

——

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Bills and Notes—
Par. 218.**
The burden is on the defendant maker,
who pleads lack of consideration for
promissory notes sued on, to prove this
lack of consideration.

2. **Louisiana Digest—Appeal—Par. 625.**
The judgment of the trial court on ques-
tion of fact, being manifestly correct
is affirmed.

Appeal from the Parish of Vermilion,
Hon. W. W. Bailey, Judge.

This is a suit to recover on a promissory
note. The defense is that the plows were
not those which plaintiff bound himself
to furnish. There was judgment for plain-
tiff and defendant appealed.

Judgment affirmed.

John Nugier, of Abbeville, attorney for
plaintiff and appellee.

M. T. Gordy, Kitchell & Boudreaux, of
Abbeville, attorneys for defendant and ap-
pellant.

LECHE, J. This suit is based upon a
note of $1500.00, dated January 6, 1921,
due 60 days after date, and reduced by a
partial payment of $1200.00 made March
15, 1921.

The defense is that the note was origin-
ally issued in representation of part of
the purchase price of a tractor and four
plows, that the plows were not such as
plaintiffs had bound themselves to furnish,
that though frequently requested to change
said plows in accordance with their agree-
ment, plaintiffs have failed to do so, and,
alleging that plaintiffs have already been
overpaid by some seventy-eight dollars for
the price of the tractor, defendant then
prays in the alternatives that he recover
judgment against plaintiffs for seventy-eight
dollars, or, that plaintiff's suit be dismissed
as premature, for the reason that plaintiffs
can have no right of action until they
have delivered the proper plows, in accord-
ance with their agreement.

The District Court rendered judgment in
favor of plaintiff as prayed for, and de-
fendants have appealed.

Plaintiffs are doing business in the Par-
ish of Vermilion and the defendant bought
from them or through their intervention,
a Twin City tractor and four plows in
consideration of some twenty-eight hundred
and twenty-five dollars. The agency for
the sale of this machinery and accompany-
ing implements, is located at Crowley in
the parish of Arcadia. The written order
for the purchase of the tractor was drawn
up and signed in Crowley. It was not
produced on the trial of the case, but it
appears that a member of the plaintiffs'
firm as well as the defendant were pres-
ent at the time the order was given. The
evidence does not show the date of the
order, whether it included the plows, nor
by whom it was signed.

Plaintiffs on the other hand, claim that
they sold the tractor to defendant. This
is not denied by defendant. But they also
claim that the plows were ordered by de-
fendant directly from the agency in Crow-
ley and that they made no representa-
tions or promise to defendant in regard to
the same. They further claim that defend-
ant has made a separate payment for
the plows, the price of the same, $400.00,
not being included in the note given. They
further claim that they are not responsible
for any promises made to defendant by the
Crowley agency in regard to the plows.

All the surrounding circumstances seem
to confirm the position of plaintiffs in re-
gard to this transaction, and the recon-

ventional demand of defendant shows that he paid more than the value of the tractor, the cost price of which is admitted to have been $2425.00. In other words defendant has paid $2525.00 or $100.00 more than the cost of the tractor. It was encumbent upon defendant to show with certainty the failure of consideration which he pleads in his answer and this he has failed to show.

From an equitable standpoint, defendant loses nothing, for the price of the plows which he claims should have been delivered to him, is lower than the price of the plows with which he was actually provided and he is the gainer for the difference in their values.

We believe the judgment of the District Court is sustained by the law and the evidence and should be affirmed and,

It is so ordered.