**MERCANTILE ADJUSTMENT AGENCY v. SALVADORE PALMISANO, Appellant**

---

(June 29, 1925, Opinion and Decree.)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest—Pleading—Par. 51.**

An exception filed on the ground that the paragraphs of the petition are not numbered will have no effect unless accompanied by a certificate of counsel that it is filed in good faith and not merely delay. See 1 S. first and sixth of Act 228 of 1924 p. 443-446.

2. **Louisiana Digest—Bills and Notes— Par. 218.**

In a suit on a promissory note the burden of proof is upon the defendant to support the allegation of want of consideration.

3. **Louisiana Digest—Bills and Notes— Par. 218.**

The note carries with it the presumption of consideration.

4. **Louisiana Digest—Appeal—Par. 512.**

When the judgment allows eight per cent upon the amount of a note of $232 and twenty per cent attorney's fees no damages will be allowed for a frivolous appeal.

C. P. 907.

Appeal from First City Court, Hon. Val. J. Stentz, Judge.

This is a suit to collect the sum due on a promissory note. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

J. A. Casey, attorney for plaintiff, appellee.

Puneky and Barrios, attorneys for defendants, appellants.

CLAIBORNE, J. Plaintiff alleges that it is the holder and owner of a promissory note for the sum of $290, dated November 8th, 1924 payable in installments of $29 on the 8th day of each month, paraphed for identification with an act of chattel mortgage before Jos. A. Casey, Notary, of the same date; that defendant has paid on account of said note $58, leaving a balance due of $232.

For exception the defendant alleged "that the paragraphs of plaintiff's petition are not numbered as required by Act 228 of 1924" Sec. 1 p. 443 S. First; S—Sixth p. 446 of same Act provides:

"Every exception which may be filed in advance of the filing of an answer shall be accompanied by a certificate of the counsel filing the same to the effect that it is filed in good faith and not merely for the purpose of delay; * * * Unless accompanied by the certificate of counsel aforesaid, no such exception shall have any effect as a defense or to prevent the taking in regular course of a judgment by default and c."

No certificate of the counsel for the defendant accompanies the exception. Therefore it can have no effect.

The answer the defendant admitted he signed and endorsed the note, but averred

that there was a failure or want of consideration and therefore he was not indebted to the plaintiff.

The note carried with it the presumption of consideration Act 64 of 1904 Sec. 24 p. 152. Therefore the burden of want of consideration was on defendant Sec. 28-1 H. D. 175.

Upon the trial of the case the defendant was absent and unrepresented.

There was judgment for plaintiff as prayed for, for $232 with eight per cent per annum interest from March 5, 1925 till paid with twenty per cent attorney's fees with recognition of plaintiff's chattel mortgage.

The defendant has appealed. He has made no appearance here.

In this court the plaintiff has prayed for damages for frivolous appeal. Considering the rate of interest and the amount of attorneys fees allowed by the judgment we do not think the plaintiff entitled to damages. C. P. 907, Osborne and Tolle vs. Powell & Co., 17 La. Ann. 169; Paul LaFrance vs. Jourdain Martin, 17 La. Ann. 77; Henry Renshaw vs. Keene Richards, 30 La. Ann. 400; Citizen's Bank of La. vs. N. M. Benachi, 38 La. Ann. 376.

Judgment affirmed.