No.——

**First Circuit**

---

**HIBERNIA BANK AND TRUST CO. v. CHAMPAGNE, ET ALS.**

---

(May 8, 1928.   Opinion and Decree.)

---

*(Syllabus by the Editor.)*

1. Louisiana Digest—Bills and Notes—Par. 218.

The burden of proving want of consideration rests upon the defendant, maker of the note, who offers the plea as a defense.

2. Louisiana Digest—Bills and Notes—Par. 125.

The possession of a note held as collateral security, acquired before its maturity, vests in the holder, so far as the maker is concerned, the same rights that can be exercised by an absolute owner.

Appeal from the Parish of Terrebonne. Hon. Robert B. Butler, Judge.

Action by Hibernia Bank and Trust Co. against James J. Champagne, et als.

There was judgment for plaintiff and defendants appealed.

Judgment affirmed.

J. K. Wright and H. M. Wallis, of Houma, attorneys for plaintiff, appellee.

Wurzlow and Watkins, of Houma, attorneys for defendants, appellants.

LECHE, J. Plaintiff as holder in due course, sues upon a note of Charles J. Champagne for the sum of fifteen hundred dollars, of date December 13, 1926, due six months after date to the order of Peoples Bank & Trust Company, endorsed in blank by said Bank, and payable at its office in Houma, Louisiana.

Charles J. Champagne maker of the note has since died and his heirs have been made defendants in the suit.

The defendants offer as special defenses: 1, want of consideration; 2, that if any consideration was given that the said Peoples Bank & Trust Co. is a creditor of defendants in a large amount and that said note was extinguished by compensation; 3, in the alternative, that if plaintiff herein is the holder of said note, it holds the same as collateral security, that plaintiff has other collateral security pledged for its claim against the Peoples Bank & Trust Company, and that such other collateral security should first be exhausted before plaintiff can sue defendants and recover from them and 4, in the alternative, that if plaintiff is a holder in due course, respondents are entitled to a postponement of the collection of said note until the other collateral in the hands of said bank, have been exhausted.

After hearing evidence and argument, the trial judge rendered judgment in favor of plaintiff, and defendants have appealed.

Taking these special defenses in the order in which they are pleaded (1) the burden of proving want of consideration rests upon the defendant, maker of the note, who offers the plea as a defense. Yowell & Williams vs. Walker, 118 La. 28, 42 So. 635. There is no evidence of any kind to support this defense. (2) It affirmatively appears that plaintiff acquired the note in due course, for a valuable consideration, and before maturity, as collateral security for loans made by it to the Peoples Bank & Trust Company, and therefore is free from any defense based upon equities between the maker and payee; (3) that this defense is based upon an erroneous conclusion of law; and (4) that this defense is also based upon an erroneous conclusion of law.

The answer of defendants denies the truth of each of the five paragraphs or articles, which constitute all the allegations in plaintiff's petition. Defendants have thereby virtually filed a general denial of all the allegations in plaintiff's petition, and they have done this without reserving the right to qualify such general denial by the admissions which necessarily flow from the four special defenses which they subsequently plead, and which are above set forth in substance, in this opinion. This system of pleading was abolished by the pleadings Acts No. 126, p. 225 of 1912, No. 300, p. 611 of 1914, and No. 228, p. 443 of 1912. The purpose of these statutes is to compel the litigants to confine themselves solely to the trial of the real differences between them, and to limit the taking of evidence, to the facts in dispute. Defendants' general denial is inconsistent with their special defenses, and even their special defenses are inconsistent with one another.

Judging from the evidence admitted on the trial of the case and defendants' argument in brief, we assume that their real defense is that they believe themselves entitled to compensation or offset on some claim which they hold against the Peoples Bank & Trust Company by the amount represented by the note upon which they are being sued, or vice versa. But this they cannot do, and they could not do even if the note was owned by the Peoples Bank & Trust Company, and was sued upon by the liquidator of the bank. See Peoples Bank vs. Mississippi & Lafourche Drainage District, 141 La. 1009, 76 So. 179. The principles upon which that decision rests are, that in law, the debts are not equally exigible and demandable and that in equity, an ordinary creditor of a bank which is insolvent, has no right of priority over the other creditors, to the assets of the bank.

Defendants also ask that in case plaintiff is recognized as holder in due course, plaintiff's right to recover be held in abeyance until it first exhausts other collaterals which it holds as security for its claim against the Peoples Bank & Trust Company. This demand is not shown to be sanctioned by any principles of law or equity. It presupposes a right to compensation or offset, which does not exist, and it therefore need not be discussed.

The possession of a note held as collateral security, acquired before its maturity, vests in the holder, so far as the maker is concerned, the same rights that can be exercised by an absolute owner.

We believe that the trial judge has correctly decided the case and that the judgment which he has rendered should be affirmed.

It is accordingly ordered that the judgment appealed from be affirmed.