No. 3215

Second Circuit

---

SCOTT v. PITTMAN, ET AL.

---

(May 22, 1928. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Bills and Notes—Par. 218.**
The consideration of a non-negotiable instrument in the form of a check to be paid only in the event of a future happening must be alleged and proven by plaintiff, the burden of proving want of consideration not being upon defendant in this case.

2. **Louisiana Digest—Bills and Notes—Par. 208, 210, 225.**
The plea that there was not any consideration for a supposed check containing a stipulation that it was to be paid only in case something happens in the future is sufficient to advise plaintiff of the evidence which would be introduced, which evidence is admissible.

Appeal from the Fourth Judicial District Court, Parish of Ouachita. Hon. Percy Sandel, Judge.

Action by John Scott against Mrs. D. C. Pittman and D. C. Pittman.

There was judgment for defendants and plaintiff appealed.

Judgment affirmed.

McHenry, Montgomery, Lamkin and Lamkin, of Monroe, attorneys for plaintiff, appellant.

Newton and Newton, of Monroe, attorneys for defendants, appellees.

WEBB, J. The plaintiff, John Scott, instituted this action against D. C. Pittman and his wife, Mrs. D. C. Pittman, to recover judgment against them in solido for two hundred forty dollars with legal interest from judicial demand.

He alleged that defendants were living together under the community of acquets and gains, and that on April 11, 1927, Mrs. Pittman, for a valuable consideration, executed, signed and delivered to him a check drawn on the Central Savings Bank & Trust Company of Monroe, Louisiana, payable to his order, for the above named sum,

"under the condition that the check would be payable only in event that Mrs. Pittman won a Chrysler car given in Ouachita Citizen's Campaign";

that Mrs. Pittman did win the Chrysler car offered as a prize by the Ouachita Citizen, and promptly thereafter the check was presented for payment and payment refused, plaintiff being informed that Mrs. Pittman had stopped payment on the check, and that he had repeatedly made amicable demand for payment.

The defendants excepted that the petition failed to state a right or cause of action, which was sustained as to D. C. Pittman, the husband, and judgment rendered dismissing the suit as to him, and overruled as to Mrs. D. C. Pittman, who answered admitting the existence of a community of acquets and gains between herself and her husband, and that she had signed the check and won the car, but denied that the check was given for a valuable consideration or that there was any consideration whatever for it, and alleged that plaintiff had obtained the check by and through misrepresentations made to defendant.

Trial was had and judgment rendered rejecting plaintiff's demands, from which judgment plaintiff appealed.

On trial evidence was offered by defendant to show that plaintiff had not given any consideration for the check, which also tended to show bad faith, to which plaintiff objected on the ground that the evidence was not admissible under the answer, and the only error urged is that the evidence was erroneously admitted, with reference to which counsel say:

"In view of the admissions in the answer of defendant that she executed and delivered the check for $240.00 to Mr. Scott and stopped payment of the check * * * and the testimony of Mrs. Pittman herself that she entered into an agreement with Mr. Scott * * * and that she did actually win the car, the only issue before the court is the question of admissibility of evidence under a plea of general denial to prove fraud, failure of consideration and misrepresentation."

The pleadings were, in substance, as previously stated, and the plaintiff alleging that the check was given for a valuable consideration, to which defendant answered:

"All defendants deny that said check was executed and delivered to plaintiff by said Mrs. Pittman for a valuable consideration. All said defendants deny that there was any consideration whatsoever for said

check. All defendants aver and allege that plaintiff obtained said check from said Mrs. Pittman by and through misrepresentation on the part of plaintiff to said Mrs. Pittman."

. And the objection to the introduction of evidence to show want of consideration was on the ground that the allegations of want of consideration were not specific enough to admit of proof, and the authorities cited by plaintiff appear to have been collated in support of the objection rather than to support the contention that the answer and the evidence showing that Mrs. Pittman had signed and delivered the check that a cause or valid consideration was established and that she could not, under the plea of want of consideration, prove failure or illegality of consideration.

The evidence introduced by plaintiff did not tend to show failure or illegality of consideration, but want of consideration, and under the objection interposed the question presented is whether or not the evidence was admissible, and reading between the lines, the contention of plaintiff appears to be that the burden of pleading want of consideration was on defendant, and that the denial of consideration made in answer to plaintiff's allegation that there was a valid consideration, even considering it as equivalent to an affirmative allegation, was not specific enough to admit any evidence thereunder.

The position thus involves two questions: first, whether or not the burden of pleading was on defendant to show want of consideration, and, second, whether or not the plea was sufficiently explicit to advise plaintiff of the evidence to be introduced to show want of consideration.

The questions relate to matters of rather a technical nature, and while the authorities cited by plaintiff show that the burden of pleading is on the defendant

when sued upon commercial paper, such as promissory notes, bills of exchange, etc., there is not any authority cited which holds that in an action on a non-negotiable instrument, such as that sued upon here, which does not express on its face any consideration, and where even the promise to pay can be inferred only from the nature of a "check" within the meaning of the Law Merchant, which the allegations of the petition show that the instrument sued on was not, we are of the opinion that the most that could be said of plaintiff's suit is that it was upon a mere promise to pay and that the plaintiff, even had he set forth the instrument in full or annexed and made it a part of his petition (which he did not do) was bound to allege and prove there was a legal consideration for the promise, and the fact that the defendant admitted signing the instrument or that it was offered in evidence, did not relieve plaintiff of proving a consideration.

While it is true that a promise is presumed to have had a just cause or valid consideration, and that this presumption may, as relates to matters of pleading, relieve one who sues upon an instrument, importing or expressing a consideration, of the burden of pleading and proof as to consideration, we do not think such is the case where the suit is upon an instrument where the promise must be inferred and which does not express any consideration, as in the present instance, and that without regard to the evidence offered by defendant, the plaintiff failed to discharge the burden of proof, and judgment was properly rendered rejecting his demands.

However, if this be not true, and the burden of pleading and proof was on the defendant to show want of consideration, we are of the opinion that the plea of want

of consideration is distinguishable from such special pleas as fraud, failure or illegality of consideration, tending to avoid an otherwise valid contract, in that want of consideration cannot be established otherwise than by evidence showing the circumstances under which the promise was made, and where such circumstances are set out in the petition, as in the present instance, we think that the plea that there was not any consideration whatsoever was sufficient to advise plaintiff of the evidence which would be introduced, and that the evidence was admissible, even though the relation of the circumstances may have had a tendency to also show a breach of good faith.

The judgment appealed from is therefore affirmed.