## COLUMBIA RESTAURANT v. SADNO-VICK.

### No. 4827.

Court of Appeal of Louisiana. Second Circuit. Nov. 2, 1934.

Smitherman & Smitherman, of Shreveport, for appellant.

Isaac Abramson, of Shreveport, for appellee.

MILLS, Judge.

On June 18, 1928, the Columbia Restaurant, a partnership composed of George and Mike Despot, gave its check for $826 in payment for two transfers of mineral rights from J. S. Belcher to George Despot. On the same day a check for $413, made payable to the Restaurant, was given by defendant, Ben Sadnovick, to George Despot. The restaurant brings this action upon the latter instrument. The defense is want of consideration.

George Despot testifies that the check sued upon was received in payment of a half interest in the mineral rights acquired by him from Belcher. At the time of trial, more than five years after the giving of the check, no such interest had been conveyed to defendant, nor has a real tender of such a conveyance been made. Despot attempts to explain this failure by saying that title was taken and retained in his name for the benefit, and at the request, of defendant who, he says, owed so many debts that he did not want his own-

ership of the minerals to appear of record. He later contradicts this by saying that the reason for not transferring the half interest was that defendant did not put up the money, the check having been presented at the bank and payment refused because the maker was without an account there.

"Q. Then why didn't you deliver it? A. Because he did not give the money; the Columbia Restaurant put its money up, why should he not put his money up?"

Sadnovick admits a verbal agreement to purchase the minerals, but says the check was put up in escrow subject to the title being good and a conveyance to him of the one-half interest in the mineral rights. He says that he told George Despot that he had no account at the Commercial National Bank, and that he would give him a check on his own bank when good title to the minerals was delivered. He says that the check sued upon, though signed by him, was made out by George Despot, and that he did not know that the Columbia Restaurant had given its check in full payment for the minerals. He denies strenuously any agreement or request that George should retain title to the half interest which he had agreed to purchase. He asserts, and is not contradicted, that he had $50,000 worth of property in his own name at the time, that there were no judgments recorded against him, and that the present suit is the only one in which he has ever appeared as defendant. He states that he demanded the return of his check, but that Despot put him off with the excuse that he had misplaced it. He is corroborated in this by the only other witness in the case.

In the lower court there was judgment rejecting plaintiff's demand, from which it prosecutes this appeal.

Plaintiff's petition is a straight declaration on the check without any averment as to consideration. Defendant answered, admitting the execution of the check and its possession by plaintiff, but averred that it was executed and delivered without any consideration, and without any value of any nature whatsoever. Plaintiff objected to all the testimony as to the consideration on the ground that it tended to show a failure of consideration and not a want of consideration, as pleaded in the answer, and was therefore inadmissible under the pleadings.

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value." Act No. 64 of 1904, § 24.

"Absence or failure of consideration is a matter of defence as against any person not a holder in due course; and partial failure of consideration is a defence pro tanto, whether the failure is an ascertained and liquidated amount or otherwise." Act No. 64 of 1904, § 28.

Accordingly, our courts have uniformly held that the burden of proving want or failure of consideration rests upon defendant. Breaux v. Campbell, 1 La. App. 356; Mercantile Adjustment Agency v. Palmisano, 2 La. App. 443; Brown v. King, 7 La. App. 570; Hibernia Bank & Trust Co. v. Champagne, 8 La. App. 664.

It is further held that the presumption of issuance for a valuable consideration establishes only a prima facie case; and that when the existence of the consideration is expressly put at issue and doubt or suspicion is cast upon its reality, the burden of proving the consideration is shifted to the plaintiff. Friel v. Murchison, 3 La. App. 559; Wooten v. Harrison, 9 La. Ann. 234; Martin v. Donovan, 15 La. Ann. 41; Succession of Coste, 43 La. Ann. 144, 9 So. 62.

We think the evidence in this case overcomes the prima facie showing and creates such doubt and suspicion that, under the above authorities, the burden of proving consideration is shifted to plaintiff.

The showing that plaintiff waited almost five years to sue, during which time one of its partners retained in his name mineral rights whose value is peculiarly affected by time, and has not tendered a deed covering the one-half interest, admittedly, the consideration for the check sued upon fails to discharge this burden. The explanation of George Despot, denied by defendant and unsupported by any corroborating facts, does not constitute that preponderance of the testimony required by law.

The plea of want of consideration need not set out the circumstances under which the check was given. B. C. Napier & Co. v. Feltner, 216 Ky. 509, 287 S. W. 974; Zebold v. Hurst, 65 Okl. 248, 166 P. 99, L. R. A. 1917F, 579; Scott v. Pittman et al., 8 La. App. 609; Pegram v. Cooper, 26 La. Ann. 361.

On the other hand, the plea of failure of consideration must set out the time, place, and circumstances of such failure. Langstaff v. Lees, 11 La. Ann. 271; Indiana Flooring Co. v. Rudnick, 236 Mass. 90, 127 N. E. 428; Brannon's Negotiable Instrument Law, p. 370.

It is therefore clear that under a plea of want of consideration evidence should not be received, over objection, of a failure of consideration, as to do so would defeat the distinction made between pleading the two defenses. The consideration fails where something of value was originally received which has since lost its value. There is a want of consideration when nothing of value has ever been received. In the present case it is conceded by both parties that the proposed consideration for the check was the acquisition by defendant of half interest in the mineral rights. The fact that there has never been any conveyance or tender to defendant of these rights shows a want or lack of consideration and not a failure of consideration.

We therefore conclude that the testimony as to consideration was properly admitted, and that the judgment upon the merits sustaining the plea of want of consideration is correct. It is accordingly affirmed.