**FIFTH DISTRICT FINANCE CO., Inc., v. SMITH.**

**No. 16745.**

Court of Appeal of Louisiana. Orleans.
March 21, 1938.

Waverly A. Henning, of Gretna, for appellant.

L. Julian Samuel, of Gretna, for appellee.

WESTERFIELD, Judge.

This is a suit on a promissory note calling for the sum of $289.03, dated December 15, 1930, and bearing interest at the rate of 3½ per cent. per month from date until paid. It is alleged that the note is subject to a credit of $12.35, thus reducing the principal to the sum of $276.68. It is also alleged that the note sued on is secured by "certain collateral consisting of a mortgage on certain real estate situated in this Parish, and fully described in Act of Mortgage passed before Frank J. Tillotson, Notary Public, this Parish, on June 18, 1924." Judgment is asked for in the sum of $276.68, together with interest at the rate of 3½ per cent. per month from October 27, 1931, until paid, with full "recognition of any and all rights to any collateral held by it (plaintiff)."

Defendant answered admitting his signature to the note sued on, but averring that it was issued without consideration and by means of deception and fraud practiced upon him.

There was judgment below dismissing plaintiff's suit, and it has appealed.

Cleveland Smith, a negro residing in the parish of Jefferson, mortgaged his home for the sum of $850 by act before Frank J. Tillotson, notary public, dated June 18, 1924. The mortgage was given to secure 28 promissory notes, 27 of which were of the face value of $30 each, and one for $40, and all bearing interest at the rate of 8 per cent. per annum from date. These notes were held by Mr. Edward Rein of Gretna, La. Smith made payments to Rein from time to time, and as the payments amounted to the face value of one of the notes, the note was given him. In this manner 15 of the notes aggregating $450 were delivered, leaving a balance due of $400, represented by thirteen notes. When Smith's indebtedness to Rein had been reduced in this manner the notes were sold by Rein, with the knowledge of Smith, to the Algiers Securities, Inc. The date of the sale does not clearly appear. Smith continued his practice of making small payments, but no notes were returned to him by the Algiers Securities, Inc., though it has been proven that that company received from Smith a total of $265. The Algiers Securities, Inc., had its office at 512 Verret street in the same room with the Fifth District Finance Company, Inc. The president of the Algiers Securities, Inc., and the president of the Fifth District Finance Company, were one and the same person, Herbert L. Harding. The only other employee of either company was a young woman by the name of Miss A. Landry. Smith was sent for from time to time by Harding to sign, what he (Smith) regarded as a renewal of his loan on threats of foreclosure by Harding. On one of these occasions, December 15, 1930, he signed the present note payable to the Fifth District Finance Company, Inc. He had, up to that time, no business relations with that corporation, though his contact with the Algiers Securities, Inc., was through Harding, the president of both companies. The Fifth District Finance Company, Inc., was qualified under the Small Loan Act, No. 7 of the Extra Session of 1928, which permitted it to charge a maximum of 3½ per cent. interest per month, and apparently the Algiers Securities, Inc., was not. Smith continued his practice of making small payments, on what he says he believed to be his original mortgage loan, to Harding, but subsequent to December 15, 1930, these payments were recorded in a book with the name of the Fifth District Finance Company, Inc., printed on its face, and section 18 of the Small Loan Act on the reverse, until he had paid a total of $108 over a period beginning with the 22d of December, 1930, and ending on the 27th of October, 1931.

Smith testified that at no time did he receive any money from either the Algiers Securities, Inc., or the Fifth District Finance Company, Inc., and that in paying both these companies from time to time he was under the impression that he was gradually liquidating his original mortgage loan, and only discovered the true situation when he endeavored to obtain a loan from the Home Owners Loan Corporation for the purpose of repairing his residence when, instead of owing something less than $100, he appeared to be in debt to one or both of the finance companies in a much larger sum.

Herbert L. Harding at first testified that he had no connection with the Algiers Securities, Inc., but subsequently stated that he was its president. When asked how he acquired the mortgage notes as collateral, he stated that he guessed Smith gave them to him. He does not explain how Smith came to owe the unusual sum of $289.03, the face value of the note sued on, nor does he testify that this amount was given to Smith

in cash, or that it was credited on Smith's mortgage notes. Notwithstanding the fact that Harding took the stand a second time after Smith had testified that he received no money or any other thing of value in consideration for the signing of the note, he did not deny that testimony or attempt to show that the note was given for any consideration whatever.

It is our opinion that the defense of want of consideration must prevail. Smith unquestionably owes the holder of his mortgage notes whatever balance may be due after proper credit is allowed for all payments made with accrued interest, but this is not a suit on those notes, but on a different note bearing a different and greater rate of interest for which no consideration is shown to have been given. The question of consideration having been expressly put at issue and a suspicion (more than a suspicion in this case) having been created as to its reality, the burden of proving the consideration was upon plaintiff, though originally that special defense having been raised by defendant he carried the burden of proving the negative. See Friel v. Murchison, 3 La.App. 559; Columbia Restaurant v. Sadnovick, La.App., 157 So. 280; McKnight v. Cornet, La.App., 143 So. 726.

We do not consider it necessary to pass upon the question of fraud, since the case is clearly with the defendant upon his plea of want of consideration.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.