The suit is to recover on a note for $401.64, signed by the defendant, dated August 12, 1938, due on demand, and bearing interest at the rate of seven per cent per annum, and providing for ten per cent attorneys fees in case of suit. The allegation is made and there is a provision on the reverse of the note to the effect that it is given for rent due by the maker, and permission is granted by the lessor to the lessee to remove the property of the lessee from the present store apartment in the Jaccuzzo Building to a smaller store apartment in the same building, and it is further stipulated that the lessor's lien and privilege is not to be affected.
The allegation is made in the petition and the annexed note shows that the note is made on a form of note used by the Bank of Terrebonne Trust Company and is made payable to that Bank as payee. It is alleged in the petition that through error and inadvertence the name of the plaintiff was not inserted as payee; that the Bank has no interest in the note, and the note was intended to be made in favor of plaintiff.
An exception of no cause or right of action was filed by the defendant and overruled by the court. The defendant then filed an answer, admitting that he signed the note, but he denies that he owes plaintiff the amount of said note, and avers that the note was given through error and without consideration. After trial, the district judge rendered a judgment in favor of the defendant without assigning written reasons. From the judgment of dismissal, the plaintiff has appealed, and the defendant has answered the appeal, asking that the exception of no cause or right of action be sustained, or in the alternative, that the judgment be affirmed.
The exception of no cause or right of action is based on the ground that there is a variance between the allegations in the petition to the effect that the plaintiff is the owner and payee of the note, whereas, the note annexed to the petition and made part of it shows that the Bank of Terrebonne Trust Company is the payee of the note; that the recitation in the note controls the allegations in the petition and, therefore, the pleadings show that plaintiff has no right to recover on the note. This contention is clearly without merit as the petition alleges mistake and error in the failure, through oversight, to insert the name of the plaintiff as payee of the note in the place on the printed form of the note wherein the Bank is named payee. It is too well established to require citation of authority that as between the original parties to a note where error or mistake is alleged, parol evidence is admissible to show the true intention of the parties. There is no conflict in the allegations of the petition and the annexed note for the reason that the petition correctly describes the note and explains why the name of the plaintiff does not appear as payee instead of the Bank. If there had been no allegation in the petition of this error and mistake there would have been such a variance in the allegations of the petition and the annexed document as to preclude the introduction of parole testimony. Flogny v. Adams, 11 Mart., O.S., 547. The exception was properly overruled.
The plaintiff testified that the defendant gave him a note in 1926 for $750 to cover back rent then due him for the large or middle compartment in plaintiff's building; that the defendant then moved into a smaller compartment and paid less rent. In 1938, plaintiff sent his son, Johnny, to see the defendant in order to get a new note for the balance then due on the old note, and his son called him from defendant's place and stated that the latter wanted to reduce the interest from eight per cent on the old note to seven per cent on the new note, and he agreed to the reduction. His son brought back to him the present note for $401.64, and he has had it ever since; that the defendant has paid nothing on this note, although he paid his rent on the smaller compartment until he moved out in 1940.
Plaintiff's son testified that he went to defendant's place of business to get a new *Page 18 
note for his father; that the defendant and his bookkeeper made up a statement of merchandise which had been charged to his father, and this amount was deducted from the old note and he (the witness) drew up the new note for the balance of $401.64, and he copied from the back of the old note the statement relative to the balance being for rent and the lessee moving into a smaller compartment and wrote these same provisions on the back of the new note; that the defendant then signed the new note and the statement copied on the back from the old note. This witness testified that the amount credited on the old note was for a house radio and a car radio which his father had bought from the defendant, but he could not remember the items of credit as he took the statement from the defendant and his bookkeeper at the time he made out the new note.
Mr. Sissions, who worked for the defendant as bookkeeper for over a year, testified that Johnny Jaccuzzo came to defendant's place to collect rent notes, or rentals, but he could not remember if he made out a statement of the amount of rent due plaintiff by the defendant, or the amount due by the former to the latter for merchandise.
The testimony of the defendant is rather vague and indefinite. He admits that when he moved from the large compartment to the smaller one he owed plaintiff about $671.00 for which he gave a note. He claims that this note was paid in cash and in merchandise sold the plaintiff. He produced no checks and no statements of account to show how and when the old note was paid. He says that he sold plaintiff a piano, two radios, a table set, an ice box and a lot of small merchandise, all of which amounted to about the amount of the old note. Plaintiff admitted getting some of these articles, but he says the piano was bought and credited on rent before the old note was given, and that the amount he owed defendant was deducted when the new note was given.
The defendant admits his signature on the new note and the statement on the back, but he says he does not remember signing the note and claims he does not owe it. Since the defendant admits signing the note, it certainly devolved on him to make some explanation as to why he does not owe it, and to us his explanation is not very satisfactory or convincing. Moreover, there are several facts and circumstances which support plaintiff's contention that this note was signed by the defendant to cover the balance of the old note, less a credit for the amount due defendant by plaintiff for merchandise.
The defendant admits that he had previously signed a note for $671 to cover past due rent, and the fact that the amount of the present note is for an exact sum — $401.64 — strongly corroborates the testimony of young Jaccuzzo that he got the amount of this note by deducting the amount of the account as given him by the defendant. Otherwise, where could this young man have gotten the exact dollars and cents to put in the note? It is also significant that the rate of interest is fixed at seven per cent which corroborates plaintiff's testimony that his son called him and stated that the defendant wanted the interest reduced to seven per cent.
The defendant has not given a satisfactory reason for signing this note nor has he produced any statement of account to show that he had paid the old note when he signed this new one. The statement of young Jaccuzzo that he copied the provisions on the back of the old note onto the back of the new note sounds very plausible and reasonable and fully explains why that provision is on the back of the new note.
Having admitted signing the new note, it was incumbent on the defendant to prove that there was no consideration for it or else that he had paid it. He has done neither. On the other hand, in our opinion, the plaintiff has shown that there was a consideration for the note and that it has never been paid.
For the reasons assigned, it is ordered that the judgment appealed from be avoided and reversed, and it is now ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Joseph Jaccuzzo, and against the defendant, Louis J. Fabregas, in the full sum of $401.64, together with interest at the rate of seven per cent per annum from August 12, 1938, until paid, and an additional amount of ten per cent on the principal and interest for attorneys fees, and for all cost of the suit. *Page 19