HENRY F. TURNER, Judge pro tem.
Plaintiff brought this suit against Creole Explorations, Inc. and Robert U. Blum on a certain promissory note dated April 11, 1960, in the amount of $32,796.62, with interest at the rate of six percent per annum from date of the note and five percent attorneys’ fees. The note was signed by Robert U. Blum as president of Creole Explorations, Inc., and personally endorsed by him on the reverse side of the note in blank.
The defendants in their answer admitted the execution of the note, but as a defense claimed that the consideration for the note was either inadequate or completely lacking. On the trial of the case, the plaintiff offered the note in evidence. The defendants, attempting to prove their defense, sought to elicit testimony as to the value of drill pipe purchased by them from plaintiff in payment for which a promissory note had been given. The note forming the basis of this suit was given in payment of the aforementioned note. This testimony showed that the charges made for the drill pipe were fair and reasonable and in line with prices generally charged in the trade. The string of pipe in question was second-hand pipe which had been used on one well previous to being used in the well plaintiff drilled for defendant. Plaintiff discounted the new, list price of this pipe by 25 percent in its bill to defendant, Creole. At the termination of the contract under which plaintiff drilled the well using the pipe, Creole had paid in excess of $60,000.00 on the contract but still owed a balance of $30,804.78, which amount represented the balance due plaintiff under the contract.
The defendant attempted to cast doubt upon the adequacy of the consideration for the note in the charge made for the pipe, but a careful study of the record leads us to the conclusion that in this attempt they failed miserably. We are unable to find one statement in the record to the effect that the charge by the plaintiff for the pipe was unfair or unreasonable. In fact, defendants called two oil operators who are qualified as experts in the oil-well drilling industry, and one of them testified to absolutely nothing, and the other testified that the charge may have been a little high or may have been a little low, but that he was unable to say that it was unfair or unreasonable. The defendants rely upon the case Moss v. Robinson, 216 La. 295, 43 So.2d 613, followed by the Supreme Court in the cases of Bernard Brothers v. Dugas, 229 La. 181, 85 So.2d 257, and Cooper v. Succession of Cooper, 234 La. 832, 101 So.2d 686. Ip the Moss case the Court enunciates the following principle of law:
“The jurisprudence of this state, with reference to appellant’s first complaint, appears to support the view that when a plaintiff introduces in evidence the negotiable instrument sued on (legally presumed to have been given for value received) he is not required in the first instance to produce any further proof of consideration, notwithstanding that the defendant has specifically pleaded a want thereof. The defendant, thereupon, has the burden of going forward with the evidence and rebutting the prima facie case (in favor of plaintiff) thus made out. Henderson v. Giraudeau, 15 La.Ann. 382; Teutonia Bank & Trust Company v. Buhler, 137 La. 5, 68 So. 194; Gulf *125 Lumber Company v. Bender, 173 La. 471, 137 So. 856; Reconstruction Finance Corporation v. Hutchinson, La.App., 1 So.2d 423; Gaddis v. Brown, La.App., 1 So.2d 845; and Jaccuzzo v. Fabregas, La.App., 12 So.2d 16. But if the defendant offers evidence which overcomes the prima facie case, that is, casts doubt upon the reality of the consideration, the ultimate burden of proving consideration, by evidence that preponderates, is on the plaintiff. Harrison v. Poole, 4 Rob. 193; Wooten v. Harrison, 9 La.Ann. 234; Martin v. Donovan, 15 La.Ann. 41; Mossop v. His Creditors, 41 La.Ann. 296, 6 So. 134; Succession of Coste, 43 La.Ann. 144, 9 So. 62; Succession of Galiano, La.App., 195 So. 377 (writ of certiorari denied); Bank of Coushatta v. Debose, La.App., 10 So.2d 386; Borel v. Living, La.App., 28 So.2d 392; 8 Corpus Juris, Section 1299, verbo Bills and Notes; 8 American Jurisprudence, Section 1006, verbo Bills and Notes; 11 Corpus Juris Secundum, § 655, verbo Bills and Notes.”
In this case the trial judge gave judgment for plaintiff as prayed for and in so doing no doubt came to the conclusion that defendants’ evidence failed to cast any doubt on a valid consideration. Defendants’ evidence was not sufficient to overcome the prima facie case of plaintiff, i. e., the introduction of the note sued on, and thereby shift the burden of proving consideration by a preponderance of the evidence to plaintiff. It should be noted here that even had he shown an unreasonable charge for the pipe, this would not have been a legal defense. One must do more than show that he made a foolish bargain to avoid his debts.
A careful study of the record and the testimony convinces us that the trial judge was eminently correct and the judgment of the lower court is therefore affirmed.
Affirmed.