GROVER L. COVINGTON, Chief Judge.
The basic issue in these consolidated suits on appeal is whether the trial judge correctly interpreted the instruments in question, an act of sale with mortgage and a promissory note in connection with the mortgage. We find that he did.
After a thorough review and evaluation of the record, we are convinced that the evidence supports the facts found and the reasons for judgment assigned by the trial judge, a copy of which is attached hereto.
We affirm at appellant’s costs.
AFFIRMED.
SHORTESS, J., concurs in the result only.
APPENDIX
21ST JUDICIAL DISTRICT COURT
PARISH OF TANGIPAHOA
STATE OF LOUISIANA
Nos. 65304, 65951
April 12, 1984
REASONS FOR JUDGMENT
These two consolidated cases arise out of a single estate transaction. In suit number 65,304 the buyers, A & M Consultants, Inc. of Louisiana seek a declaratory judgment interpreting what they consider to be an ambiguous term in a promissory note and a ruling that their conduct therein does not amount to a default. The seller, Joseph M. Coco, in suit number 65,951 seeks to accelerate the balance due on that promissory note claiming that A & M Consultants, Inc. of Louisiana has breached its obligation to pay as it promised.
The court finds these issues presented for determination:
1. Is there an error or ambiguity in the promissory note?
2. Has A & M Consultants, Inc. of Louisiana breached its obligation to pay?
I.
Mr. Joseph M. Coco argues that A & M Consultants, Inc. of Louisiana pleadings are defective because mutual mistake is *545 not alleged therein. Louisiana practice employs “fact pleading”. The court finds the facts are well pleaded in the petition. Further, there is no requirement that the words “mutual error” or “mistake” appear in the petition as contended by Mr. Joseph M. Coco. Williams v. Natchitoches Recreational Association, 395 So.2d 343 (La.App. 3rd Cir.1980).
On cross-examination Mr. Joseph M. Coco himself testified that the agreement as specified in the petition for declaratory judgment was the agreement Mr. Joseph M. Coco thought he had made himself and that these were the terms he thought he was agreeing to when he signed the documents. This testimony was uncontradict-ed. Mr. Marion Austin’s testimony was the same on this point. Mutual mistake by both parties, A & M Consultants, Inc. of Louisiana and Joseph M. Coco was proved by a preponderance of the evidence.
The court finds as a fact that the promissory note payment schedule is ambiguous. The court is satisfied that Mr. Milton Coxe’s calculations are correct and that the note will be paid out, according to its terms as written in approximately nine (9) years. The court finds that the note is set up on a ten (10) year amortization. The calculation made by Milton Coxe does not require a mathematical background or any expertise in banking. Any one of the parties to the lawsuit could have testified that this is the procedure to be employed and that the result will speak for itself assuming the calculations are correct. The court notes that no error in Milton Coxe’s calculations was pointed out by Mr. Joseph M. Coco. Rather, the thrust of the defendant’s cross-examination was an irrelevant attempt to discredit Milton Coxe’s qualifications as an expert.
The court further finds that A & M Consultants, Inc. of Louisiana did not agree to “prepay” the first annual installment.
The court finds that the promissory note’s payment schedule was not prepared in accordance with the agreement already reached by the parties.
It is well settled that, as between the original parties to a note, parol evidence is admissible where error or mistake is alleged. Jaccuzzo v. Fabregas, 12 So.2d 16 (La.App. 1st Cir.1943), Daigle & Associates, Inc. v. Coleman, 396 So.2d 1270 (La.1981). Parol evidence was admissible and Joseph M. Coco’s objections were properly overruled.
The court finds that there was mutual mistake and that the payment schedule must be reformed to reflect the agreement of the parties.
II.
Acceleration of a note for failure to pay as promised is a harsh remedy and the creditor must show that a breach of the obligation to pay has in fact occurred prior to acceleration. Accordingly, the court must look at the totality of the circumstances of this case. It cannot focus solely on the failure to pay the fourth quarterly installment as promised, conclude that event was a default, and then permit Joseph M. Coco to accelerate the balance.
A & M Consultants, Inc. of Louisiana first discovered this problem in the promissory note in February, 1982. They communicated with the notary who had prepared the note, Alton Lewis. Alton Lewis in turn communicated with Joseph M. Coco. Prior to the due date of the fourth quarterly installment, Joseph M. Coco informed Alton Lewis, in no uncertain terms, that he expected the note to be paid as written. He would not hear of any explanations or reasons to the contrary. By his conduct, he indicated that he was fully apprised of his legal rights and that he intended to insist on the note as written.
“It should also be noted that Mr. Coco had already placed A & M on notice that he expected strict compliance with the provisions of the note. The letter dated March 25, 1982, directed to Alton Lewis, Jr., A & M’s attorney, makes this very clear. The failure to pay Mr. Coco promptly was inexcusable. It had the legal effect of maturing the entire indebtedness according to the plain word *546 ing of the note and the credit deed.” (emphasis supplied) Post Trial Brief of Joseph M. Coco, page 7. One month later, however, A & M Consultants, Inc. of Louisiana
was late with the last quarterly payment. A & M Consultants, Inc. of Louisiana furnished Joseph M. Coco with an explanation and Joseph M. Coco accepted the late payment outside the grace period. It was only after the letter of May 5, 1982 from A & M Consultants, Inc. of Louisiana’s attorney to Joseph M. Coco that he accelerated the note.
The court finds as a fact that Joseph M. Coco, with full knowledge of his legal rights, accepted the late payment outside the grace period and forgave the default.
Further, the court finds that there is no language in the note which says that failure to strictly enforce the contract shall not operate as a waiver of the right to accelerate. Sternberg v. Mason, 339 So.2d 373 (La.App. 1st Cir.1976).
Accordingly, the court finds A & M Consultants, Inc. of Louisiana did not default and that Joseph M. Coco is therefore precluded from accelerating the balance due.
There is judgment in favor of A & M Consultants, Inc. of Louisiana in their suit for declaratory judgment reforming the contract to state that the first annual installment is due and payable on April 11, 1983. Further that A & M Consultants, Inc. of Louisiana is not in default of their obligations under the contract. Further, there is judgment in suit number 65,951 in favor of defendants, A & M Consultants, Inc. of Louisiana rejecting the demand of plaintiff therein, Joseph M. Coco.
Joseph M. Coco is taxed with all costs in these two (2) consolidated cases.