No. 1987.—MARIE JOSEPHINE LAPICE, Wife of JULES DELONGPRE FITZGERALD, v. P. M. B. LAPICE et al.

P. M. B. Lapice and others executed their promissory note for $50,000 in favor of Marie Josephine Lapice for borrowed money. Marie Josephine Lapice afterwards made a marriage contract with Jules DeLongpre, in which among other stipulations this note for $50,000 was specially set apart to her as her dowery, an accurate description thereof being given ; they were subsequently married and the note passed into the hands of the husband. Held—That the stipulation of $50,000 in the marriage contract was merely descriptive of the note, and not an estimation, and the note or its value did not fall into the community under article 2334 of the C. C., and the husband became chargeable with no particular sum on receiving it.

The wife, properly authorized by her husband or the judge, may sue for in her own name and recover the amount of a note settled upon her by the marriage contract as dowery. C. P. 107.

The appearance of the husband to authorize the suit concludes him from any demand he might have against the makers of the note.

The Judge of the District Court gave as reasons for judgment, "after hearing the evidence and argument of counsel and considering the law and the testimony adduced, and the *reasons orally assigned*, it is ordered, etc." Held to be a sufficient compliance with article 80 of the Constitution.

APPEAL from the Fourth District Court, parish of St. James. *Beauvais*, J. *L. Caslera* and *Carleton Hunt*, for plaintiff and appellee, *Fellows & Mills, Legendre & Poché* and *E. R. Beckwith* for defendants and appellants.

WYLY, J. On the first of May, 1856, the defendants executed and delivered to the plaintiff their promissory note for $50,000, due first of January, 1858, for borrowed money. In order to secure the payment thereof they executed a mortgage on their plantation in the parish of St. James.

The plaintiff, the payee of the note, subsequently married Jules de Longpré Fitzgerald, and by a marriage contract she constituted to herself in dowery this note together with other property. She finally instituted this suit, with the authorization of her husband, for the recovery of the amount due on the note and to foreclose the mortgage.

Marie Josephine Lapice, Wife of Jules DeLongpre Fitzgerald, v. P. M. B. Lapice et al.

The answer is a general denial and the prescription of five and ten years. The defendants subsequently filed a peremptory exception to plaintiff's right of action on the ground that by the marriage contract between plaintiff and her husband, "the note sued on and therein recognized as dotal property, was to be placed after the marriage in the control and under the administration of the husband, and plaintiff therefore cannot stand in court as plaintiff" to maintain this action.

There was judgment in the lower court in favor of plaintiff and the defendants have appealed.

The defendants contend that on the celebration of the marriage the note sued on fell into the community by virtue of an estimation thereof in the marriage contract under article 2334 of the Civil Code, which declares that, "If the dowery, or part of it, should consist in movable effects, *valued by the marriage contract* without declaring that the estimated value of the same does not constitute a sale, the husband becomes the proprietor of such movable effects, and owes nothing but the *estimated value* of the same."

We have carefully examined the marriage contract and cannot perceive any estimation or valuation therein of the note sued on.

The third article of the marriage contract declares that the future wife constitutes to herself in dowery, first, the sum of fifty thousand dollars, the amount of a note subscribed May 1, 1856, by Messrs. P. M. B. Lapice, J. Frank Lapice, Ambrose G. Lapice and Emile D. Lapice, her brothers, payable to her own order, January 1, 1858, and secured by mortgage on the plantation of said Messrs. Lapice, situated in this parish; the second, third and fourth clauses in said article refer to other property constituted as dowery without any valuation mentioned.

The fourth article of the marriage contract declares, that immediately after the expected marriage, the note of fifty thousand dollars, and the sum of six thousand five hundred dollars, which the future wife has just constituted to herself in dowery, will be delivered to the future husband who will give acquittance therefor, and will take charge of the same in order to account therefor according to law.

The expression, *the sum of fifty thousand dollars*, mentioned in the third article of the marriage contract, is immediately qualified by adding *the amount of a certain note* which is fully described as the note sued on. This remark cannot be construed to imply a valuation or estimation of the note, especially if taken in connection with the fourth article which says immediately after the marriage the *note of fifty thousand dollars*, and the sum of six thousand five hundred dollars which the future wife has just constituted to herself in dowery, etc. We can perceive no valuation of the note and do not think the husband became chargeable with any specific sum on receiving it. We regard the note as the dotal property of the wife and under article 2349 of the

Civil Code the husband will not be answerable for failure to collect it when the same is not owing to his fault or neglect.

The next question to consider is, can the wife sue for the recovery of the note, her dotal property, with the authorization of her husband?

Article 2330 of the Civil Code provides that, "the husband alone has the administration of the dowery, and his wife cannot deprive him of it; *he may act alone in a court of justice* for the preservation or recovery of the dowery against such as either use or detain the same, but this does not prevent the wife from remaining the proprietor of the effects which she brought as her dowery." Article 107 of the Code of Practice declares that, "husbands have under their control the personal and possessory actions to which their wives are entitled, though they be themselves minors; therefore they *can proceed judicially* and in *their own name* in whatever relates to the preservation of the dotal property, which their wives have brought to them by marriage as well as to the recovery of debts due them, these being under their administration. But actions relating to the ownership of the dotal or paraphernal property of the wife, or of some real right belonging to her, must be brought by the wife duly authorized by her husband, or by the judge if he fails to do it."

In a contract between the husband and the wife for the administration of the dotal property, the rights of the husband would prevail. He had the right to sue in his own name on the note herein declared upon, under the articles of the Civil Code and Code of Practice just quoted.

He may act alone in a court of justice for the recovery of the dowery against such as detain the same. C. C. 2330.

The law does not declare he must act alone. It says *he may act alone.*

This right is personal to the husband and is based upon the supposition that the dotal property is under his administration. 9 A. 12.

Because the law has provided that the husband may proceed in his own name to recover debts due his wife, does that prohibit him from permitting or authorizing his wife to sue therefor, as in this case, in her own name? We think not. The law has not rendered the wife absolutely incapable of suing, with her husband's authorization for her dotal property. On the contrary it expressly declares that actions relative to the ownership of dotal or paraphernal property or of some real right must be brought in the wife's name. C. P. 107.

The defendants however, contend that under the general rule a married woman cannot sue or be sued, and that where she brings an action she must show by proper averments that she is within the exception to the rule. They rely upon the case of Mrs. Jane Cowand, wife of Akin *v.* Mrs. Josephine Pulley, widow of Cowand. 9 A. 12.

That case is not analagous to the one we are now considering. In that case the wife sued without the authorization of her husband on a

Marie Josephine Lapice, Wife of Jules DeLongpre Fitzgerald, v. P. M. B. Lapice et al.

note which accrued during the existence of the community made in her favor by her husband and his partner, the husband of the defendant. The defendant in that case excepted on the ground that plaintiff was a married woman and had averred no facts in her petition which in law authorize her to stand in judgment *without the aid of her husband.*

The note was *prima facie* a community asset, and the husband as head and master thereof refused to authorize his wife to sue. The exception was properly sustained.

Without the authorization of her husband the plaintiff in this suit could not properly appear as plaintiff.

The defendants have no interest in contesting the right of plaintiff to sue on the note unless they have some defense against the husband which they wish to set up, or unless the satisfaction of the suit instituted by plaintiff would not release them from any demands of the husband on account of the note.

They have not alleged they have a defense as against the husband, and we conclude they have none. The appearing of the husband to authorize the suit concludes him from any demands he might have against them on account of the note.

In the case of Peyroux et al. *v.* Davis, 17 L. 480, this court said, "the defendant must aver that he has a good defense against the real owner, otherwise, whether the plaintiff is the owner or not, is a fact which cannot avail him."

In the case of Shaw et al. *v.* Thompson, 3 N. S. 392, this court said, "the suit appears to have been brought by the persons having the legal interest in the instrument sued on. Whether they were the owners or not, was a matter with which the defendant had nothing to do, as the judgment here formed *res judicata* against any other who might hereafter have claimed an interest in it."

We conclude therefore that the peremptory exception to plaintiff's right to prosecute this suit is not well taken.

We have carefully considered the evidence adduced by the plaintiff to prove the interruption of prescription and consider the interruption fully established. The books of the defendants in which the credits on the note of $50,000 were regularly entered for a series of years, the extension of the payment and the credits indorsed on the note by the agent of the defendants, the payment of the $4000 by check on the Citizens' Bank on the thirteenth of April, 1864, the production of the check itself, corresponding with the books of defendants, all corroborate the evidence of the plaintiff and clearly establish the interruption of prescription. The interruption of prescription is fully established without the testimony of Barjoe.

The defendants raise in their brief other points which we deem it unnecessary to answer. They are not such as to require serious consideration.

We will, however, observe in reply to the objection that the judgment appealed from does not conform to the eightieth article of the Constitution, which requires judges to adduce the reasons on which their judgment is founded, that we find the following declaration in the judgment : " After hearing the evidence and argument of counsel, and considering the law and the testimony adduced *and the reasons orally assigned,* it is ordered," etc. We deem this a sufficient compliance with the constitutional provision. 12 A. 410.

It is therefore ordered that the judgment appealed from be affirmed with costs.

Rehearing refused.