**CITIZENS DISCOUNT & INVESTMENT CO. v. BRENNAN, ET AL., Appellants**

---

(Jan. 17, 1927.   Opinion and Decree.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Bills and Notes—Par. 184, 186.**

The holder of a negotiable note may sue upon it and collect it, and a payment to him will discharge the maker.

2. **Louisiana Digest—Usury—Par. 19, 23.**

The holder of a note has the right to collect the whole amount of the note notwithstanding such note does include a greater rate of interest than eight per cent per annum, provided such note does not bear more than eight per cent per annum interest after maturity until paid.

3. **Louisiana Digest—Appeal—Par. 512; Costs and Fees—Par. 59.**

Damages for frivolous appeal will not be allowed when the judgment bears eight per cent interest and twenty per cent attorney's fees.

Appeal from First City Court.   Hon. W. Alex Bahns, Judge.

Action by Citizens Discount & Investment Company aaginst D. E. Brennan, et al.

There was judgment for plaintiff and defendants appealed.

Ed J. Marx, of New Orleans, attorney for plaintiff, appellee.

S. J. Tennant, Jr., of New Orleans, attorney for defendants, appellants.

CLAIBORNE, J. This is a suit upon a promissory note of $200. The defense is "that on November 24, 1925, they (the defendants) did borrow from the plaintiff the sum of $180, for which they gave a note in the sum of $200, the other $20 · being interest or discount charge made by petitioner; that the note itself is a mere evidence of the loan and that under the law, this interest or discount, being in excess of eight per cent per annum is a usurious rate of interest and your defendants cannot and should not be obliged to make payment therefor".

There was judgment in favor of plaintiff and against the defendants for the whole amount claimed and they have appealed.

The plaintiff and appellee prayed for damages for frivolous appeal.

On the trial of the case the defendants attempted to show the amount which was given for the note and the party from whom the plaintiff bought it. On objection by the plaintiff the evidence was ruled out. The ruling was correct. The holder of the note was entitled to sue upon it and a payment to plaintiff would discharge the defendants. C. C. 2145 (2141); Dorr vs. Jouet, 20 La. Ann. 27; Zapata vs. Cifreo, 26 La. Ann. 87; Shaw vs. Thompson, 3 Mart. (N. S.) 392; Peyroux vs. Davis, 17 La. 479; Lapice vs. Lapice, 21 La. Ann. 229; Hewitt vs. Williams, 47 La. Ann. 746, 17 So. 269; Franek vs. Brewster, 141 La. 1031, 76 So. 187, and many others. Act 64 of 1904, p. 155, Sec. 51; 8 C. J. 593.

In the two cases of Heyman vs. Reynolds, 12 Orl. App. 287, and Hailes vs. Hynson, id. 327, this court decided that the owner of a promissory note has the right to collect the whole amount of the note notwithstanding such note does include a greater rate of interest than eight per cent per annum, provided such note does not bear more than eight per cent per annum interest after maturity until paid. See also Giefers vs. Modica, No. 9701, O. B. 68.

The question is governed by the statutes of this state and the jurisprudence interpreting them. The authorities quoted by the defendants from our Supreme Court have been overruled by those statutes and the later jurisprudence. The authorities from other states are interpretations of their own laws.

Inasmuch as the judgment gives plaintiff eight per cent interest and twenty per cent attorney's fees, we do not think that he is entitled to greater damages for a frivolous appeal.

C. P., 907; 17 A. 169; Anderson vs. Dinn, 17 La. 169; Gibson vs. Gill, 12 La. 420; McCoy's Executors vs. Pritchard, 13 La. 429; Worsley vs. Barrett, et al., 14 La. 347; Wilds & Co. vs. Barrett & Co., 15 La. 445; Gollain vs. Jamet, 16 La. 565; Opdyke vs. Corles, 16 La. 569; Glenn vs. Ferguson, 21 La. Ann. 386; Renshaw vs. Richards, 30 La. Ann. 400; Citizen's Bank vs. Benachi, 38 La. Ann. 376.