No. 3263

Second Circuit

---

## ACHEE v. WILLIAMS ET AL.

---

(November 8, 1928. Opinion and Decree.)
(December 19, 1928. Rehearing Refused.)

---

L. Percy Garrot, of Shreveport, attorney for plaintiff, appellee.

Lyons and Prentiss, of Shreveport, attorneys for defendant, appellant.

### STATEMENT OF THE CASE

REYNOLDS, J. Plaintiff, B. E. Achee, recovered judgment in the District Court of Caddo Parish, Louisiana, against W. B. Williams for the sum of $1092.00, less a credit of $326.10, with interest on the balance of $765.90 from June 23, 1923, until paid, and 15 per cent on the amount of principal and interest, as attorney's fees. From this judgment Williams appealed suspensively to this court, and defendant C. H. Lyons became surety on his appeal bond. This court affirmed the judgment appealed from (Achee vs. Williams, 6 La App. 316). On October 6, 1927, $400.00 was paid on the judgment, being the proceeds of the sale of property of the judgment debtor under fi. fa. issued upon the judgment, which fi. fa. also returned that the sheriff was unable to find any other property belonging to the judgment debtor out of which the balance of the judgment could be made. Thereupon the judgment creditor obtained a rule on the surety on the appeal bond, defendant C. H. Lyons, to show cause why judgment should not be rendered against him for the amount of the balance owing under the Judgment. The rule was heard and on January 14, 1928, judgment was rendered in favor of the plaintiff in rule, W. B. Achee, and against the defendant in rule, C. H. Lyons, for the sum of $1092.00, less credits aggregating $326.10, with interest at the rate of 8 per cent per annum on the balance of $765.90 from June 10, 1923, until paid, and 15 per cent on the amount of the balance of principal and interest, as attorney's fees, and all costs of suit, less $400.00 paid on October 26, 1927.

From this judgment defendant in rule, C. H. Lyons, appealed suspensively. Plaintiff in rule, W. B. Achee, has answered the appeal and asks that the appeal be decreed frivolous and that a penalty of 10 per cent on the amount owing on the judgment be imposed on the appellant as for a frivolous appeal.

### OPINION

Defendant in rule, C. H. Lyons, has not appeared in this court nor filed any brief

pointing out any error in the judgment appealed from. Nevertheless, we have read the record and it does not show any error in the judgment.

Plaintiff in rule, W. B. Achee, asks that defendant in rule, C. H. Lyons, be decreed to pay 10 per cent on the amount owing on the judgment as for frivolous appeal; but inasmuch as the judgment appealed from bears interest at the rate of 8 per cent per annum and awards him 15 per cent on the amount of principal and interest owing thereon, as attorney's fees, we do not think that plaintiff in rule is entitled to the penalty prayed for.

Mercantile Adjustment Agency vs. Palmisano, 2 La. App. 443; Citizens D. & I. Co. vs. Brennan, 5 La. App. 402.

Since the foregoing was written, we have been favored with a brief by the appellant, and, though delay in which to file it was not asked for nor granted, it has been read and considered by us.

The brief alleges two grounds of error, namely:

### 1.

"Not even a copy of the purported judg- of the Court of Appeal was offered in evidence, and there is no evidence to show that such a judgment, if rendered, has been recorded in the records of the clerk of the District Court."

### 2.

"There is no evidence to show that the sheriff, before he returned the writ, made a demand upon the surety to point out property belonging to the defendant; this showing is essential to entitle plaintiff to judgment against the surety; and can only be shown by the return itself."

### I.

We find at the end of the record a certificate, under the hand and seal of office of the clerk of the court a quo, in words and figures as follows, to-wit:

"State of Louisiana,
"Parish of Caddo.
"Office of the Clerk of Court.
"I, E. W. Goetz, Jr., deputy clerk of the First Judicial District Court of the state of Louisiana, in and for the parish of Caddo, do hereby certify that the within and foregoing pages, numbered, consecutively, 1 to 134, inclusive, do contain, so far as a thorough and diligent search of the records of the court show, a true, correct and complete transcript of all the proceedings had and documents filed to date upon the trial of the cause wherein B. E. Achee is plaintiff and appellee, and W. B. Williams is defendant and C. H. Lyons is surety on former appeal bond, and appellant, instituted in this court and bearing file number 35,934.

"In testimony whereof, I have hereunto set my hand and affixed the seal of said court, at the city of Shreveport, Caddo parish, Louisiana, on this the 2nd day of March, A. D., 1928.

"E. W. GOETZ, JR.
"(SEAL)        "Deputy Clerk."

Pages 88 to 93, both inclusive, of the record are made up of a copy of the opinion and judgment of this court rendered in case No. 2221 on its docket entitled B.. E. Achee versus W. B. Williams, prepared by the clerk of this court to accompany the record on appeal back to the court from which the appeal originated, pursuant to Act No. 233 of 1908.

This copy is certified as follows:

"I certify the above and foregoing six pages to contain a true and complete copy of the judgment rendered by the Court of Appeal, Second Circuit, on April 8, 1927. Rehearing was refused May 13, 1927.
"ALBERT E. EWING,
"Clerk of the Court of Appeal, Second Circuit, state of Louisiana."

It would appear, therefore, that appellant is in error in supposing the record does not contain proof of such a judgment having been rendered.

The record on appeal, of which this judgment forms a part, comes to this court from the office of the clerk of the same court that rendered that judgment. Necessarily, then, the copy of the judgment incorporated in the record must have been filed in his office; otherwise it could not have gotten into the record.

It is true the copy does not bear any endorsement of the clerk showing that it was filed and recorded in his office, but since it affirmatively appears that there was such a judgment and that a certified copy of it was in the clerk's office, we must presume that it was filed and recorded, in the absence of evidence to the contrary.

The Supreme Court, in the case of Thomas vs. Goodwin, 120 La. 504, 45 So. 406, where a practically similar question was under consideration, and where it was not shown that such a judgment had been rendered and a certified copy of it deposited in the office of the clerk of the District Court, said:

"If it had been shown that such judgment had been rendered, and that a certified copy had been filed in the district court, we should probably have presumed, in the absence of evidence to the contrary, that the clerk had performed his duty in that respect."

## II.

The sheriff returned on the writ of fieri facias:

"Received the within writ on June 24, 1927, and demanded payment of the judgment or sum of W. B. Williams and C. H. Lyons, and, upon their failure to pay, and finding no property belonging to W. B. Williams, called upon said parties to point out property belonging to W. B. Williams, and they failed to do so. I thereupon return this writ to the Clerk of Court this the 2nd day of Sept. 1927. M. Martin, Deputy Sheriff."

We find that it does appear from the record and by the sheriff's return on the writ of fieri facias that before returning the writ the sheriff demanded of the appellant Lyons that he satisfy the writ or point out property belonging to the judgment debtor Williams out of which it could be made and that he, Lyons, failed to do either.

Subsequently an alias writ of fieri facias was issued upon the judgment under which the sheriff seized and sold as the property of the judgment debtor an automobile for the sum of $400.00 and the amount credited on the judgment.

Appellant Lyons apparently contends that the appellee Achee, after the return of the alias writ not wholly satisfied, should again have demanded of appellant that he pay the balance owing on the judgment or point out property of the judgment debtor out of which it could be made, as a condition precedent to his right to maintain the rule to show cause.

We do not think he should. Having made the demand once, as shown by the sheriff's return, appellee discharged his duty once and for all.

Moreover, we think the defenses interposed by appellee are such as should have been presented in limine litis and not having been so presented must be deemed to have been waived. They amount to no more than a plea of prematurity and it is well settled that such pleas must be filed before issue joined and that default cuts them off. Appellant made no appearance in the lower court and the proceedings against him were by default.

We find no error in the judgment appealed from and accordingly it is affirmed.