CHASEZ, Judge.
On the 6th day of July, 1966, Anthony Cacioppo filed suit against defendant, Warren A. Doll, alleging that he, Cacioppo, is the owner of the real estate bearing the municipal number 611 Decatur Street in the City of New Orleans and the brick building situated thereon; that Warren A. Doll is the owner of the adjacent vacant lot adjoining plaintiff’s property which, at one time, was occupied by a building hearing the municipal number 613 Decatur Street, that was demolished and removed.
Petitioner called on the defendant to contribute to the repair of the party wall dividing the properties of the parties which the defendant refused to do. On May 27, 1965 petitioner, through his attorney, wrote the defendant requesting that he obtain a bid for the repair of the wall and stated that he, petitioner, would secure one likewise. On the 11th of August, 1965, plaintiff sent copies of the bids he had obtained to the defendant. The defendant refused to contribute one-half of the cost for the repair of the wall and refused to secure bids on his own behalf to determine the cost of the repair of the wall; that, because of the failure of the defendant to so contribute, the party wall became weakened, creating an emergency requiring immediate repair and plaintiff obtained the services of Sidney Gabb, Jr., a professional Engineer, to inspect the wall and prepare specifications for its repair; the petitioner also obtained bids for the repair amounting to $6,365.00 and $4,585.00 and awarded the contract to the lower bidder, Abry Bros, Inc., with the result that $4,585.00 plus $500.00 for Mr. Gabb’s services were expended by the petitioner for the repair of the wall, and demand was made upon the defendant for one-half of this amount, which the defendant refused to pay. The plaintiff prayed for judgment for one-half the sums expended, or $2,542.50, plus legal interest.
On July 25, 1966 the defendant filed an exception of no right or cause of action, alleging that he was not the owner of the property involved in the proceedings, the same having been transferred. The record discloses that the transfer was unto Warren Realty Co., dated July 20, 1966, approximately two weeks after plaintiff filed his suit. Judgment was rendered by the trial court overruling the exception on September 29, 1966.
On October 20, 1966 the .defendant asked for and obtained an extension of 30 days in which to file an answer to the suit in order that he might propound interrogatories to the plaintiff, alleged as necessary for the preparation of responsive pleadings. On November 4, 1966, the interrogatories were filed and the answers thereto were filed on November 21, 1966. On November 30, 1966 the defendant answered, simply denying all of the plaintiff’s allegations and praying for dismissal.
On December 19, 1966 the defendant moved for a continuance from the set trial date of December 21, 1966, alleging that the answers to the interrogatories were not completely responsive and that additional interrogatories had been served upon the plaintiff, and that it was impossible for the defendant to properly appear for trial unless the supplemental interrogatories were answered. This motion was refused by the trial Judge on December 19, 1966 with a notation to the effect that the case had been specially set for trial on December 21, 1966 and that the date had been agreed upon by the parties at a pre-trial conference held on October 26, 1966.
On December 21, 1966 a supplemental answer by defendant was submitted wherein he alleged that he had filed a formal renunciation of any and all rights he may be considered as having in the party wall involved and is therefore exonerated from the obligation of contribution by virtue of *422 Article 679 of the Louisiana Civil Code and reiterated by reference his original answer and prayed for dismissal. The Court below refused leave to file the answer. The renunciation referred to was also filed on December 21, 1966.
The case was tried on that day, the attorney for the defendant refusing to participate and requesting permission to withdraw with his client from the courtroom. After hearing the plaintiff’s evidence, the Court rendered judgment on the same day in his favor, “for the reasons orally assigned”, in the sum of $2,542.50 with legal interest, and also taxed an expert fee of $50.00 for Mr. Gabb’s appearance upon the defendant as costs.
The defendant appealed and the appeal bond was filed on December 30, 1966. On January 10, 1967, the defendant requested of the trial court written reasons for its judgment. This request was not granted, the Judge noting that the trial Court had been divested of jurisdiction.
In support of its appeal the defendant argues to this Court that the Court below erred in refusing the request for a continuance, in refusing the request for written reasons, in refusing the request to allow the defendant to relinquish his right in the common wall and exonerate himself from liability, and finally, because the record reflects that the work done was more in the nature of rebuilding than repairs and little or no notice was given to Warren Doll before the extensive and expensive work was undertaken.
Taking up the refusal to the request for written reasons first, the defendant contends that such refusal causes the judgment to be invalid. The Court in its signed judgment stated the following:
“When, after hearing the pleadings, evidence and argument of counsel, and for the reasons orally assigned:”
Under the jurisprudence this language is considered sufficient as reasons for judgment, Lapice v. Lapice, 21 La.Ann. 226 (1869); Jacobs v. Levy, 12 La.Ann. 410 (1857).
We find no abuse of discretion of the Court in refusing to honor the request for a continuance which was filed in close proximity to trial, after the parties had attended an earlier pre-trial conference and agreed to a trial date. Further, we have examined the interrogatories proposed and find that there is nothing to suggest that the defendant could not have adequately defended the lawsuit without the answers to the additional interrogatories.
Likewise, we find there was no error or abuse of discretion by the Court in refusing the defendant permission to file the plea of renunciation since the defendant attempted to file this plea on the day of trial, and after the date on which he had averred to the Court that he had transferred the property to a third party.
The following articles of the Civil Code are involved in this case.
C.C. Art. 678. “The repairs and building of walls in common are to be made at the expense of all who have a right to the same, and in proportion to their interest therein.”
C.C. Art. 679. “Nevertheless every coproprietor of a wall in common, may be exonerated from contributing to the repairs and rebuilding, by giving up his right of common; provided no building belonging to him be actually supported by the wall thus held in common.”
In this case, even though the lot adjacent to the wall and owned by defendant was vacant, we take it as established that defendant’s co-ownership of the wall subsisted until after suit was filed, since no renunciation was made subsequent to the action entitled Doll v. Cacioppo, reported at 90 So.2d 688 (1956), Writ of Certiorari denied, in which this Court held that defendant be condemned to pay one-half the cost *423 of repairs of this same wall, which were necessary at that time. At that time, the defendant’s lot was also vacant and defendant had made the following statement by letter prior to suit “The wall is a community wall and I have no intention of relinquishing my ownership therein under any conditions”. In his suit, Mr. Doll had alleged he would have use for only a portion of the wall and prayed that he was only liable for a proportion of the cost of repair and not one-half. The Court decided, under the circumstances, that Mr. Doll was liable for one-half. Now roughly ten years later, there still is no building on Mr. Doll’s lot and, from the evidence, there is no showing of any other use of the wall by Mr. Doll.
The defendant cites the case of Bank of West Carroll v. Brower, 5 La.App. 469 (1927) as authority that he should not be responsible for one-half of the repairs of the common wall adjoining his property. We do not believe that this authority is apt in this matter. There the Court held that the Bank of West Carroll was not responsible for one-half of the repairs of the common wall adjoining its property, stating the Bank had no further use of its building, which was partly constituted of the wall, since the building had been razed by fire and the Bank was in liquidation. The remnants of the building was not repaired and the Court stated:
“after the fire plaintiff abandoned the use of the walls in common. No part of its building was supported by these walls. Therefore under the plain letter of the Code it cannot be charged with the repairs.”
However, in this case we feel that defendant’s co-ownership of the wall subsisted because there was nothing to indicate a renunciation before the suit was filed. The fact that his lot was vacant does not alter the effect of the judicial admissions made in the previous action between the parties, in the absence of other evidence to controvert Mr. Doll’s intent to retain his interest in the wall.
Further, although Planiol at Section 2513 of Volume No. 1, Part 2 (Louisiana Law Institute Translation, 1959) states:
“This power to abandon is explained by the nature of the obligation incumbent upon co-owner. They are not personally obligated, they are obligated solely on account of the thing that belongs to them (Propter rem). Their obligations accordingly cease when they cease to be owners.”
we feel that the sale of the property of July 20, 1966, (evidence of which was offered into the record by the plaintiff,) after judicial demand was made did nothing to free the defendant from liability to the plaintiff for contribution; once suit was filed against him, his liability was fixed at that time, regardless of the liability that may attach to subsequent purchasers since defendant was the owner of the property at that time.
In this, it appears that the defendant is a victim of his own maneuvering, which may have been averted had he elected to directly meet the issues in this matter. Moreover, he and his counsel elected to leave the Court room at the trial and defendant is in no position to complain about the action of the Court.
On the facts, we think the record reflects that the work undertaken by the plaintiff was in the nature of necessary repairs and not an unnecessary rebuilding of this wall; the price was not excessive and the defendant had been notified of the need for repairs, but refused to cooperate until immediate repairs were suddenly required and that Mr. Cacioppo, under these circumstances, was not required to notify defendant again.
The judgment is affirmed; costs are charged to appellant.
Affirmed.